Cincinnati Bar Association *v.* Randolph.

[Cite as *Cincinnati Bar Assn. v. Randolph* (1999), 85 Ohio St.3d 325.]

(No. 98–2685—Submitted February 10, 1999—Decided April 7, 1999.)

*Nancy J. Gill, G. Mitchell Lippert* and *Richard H. Johnson,* for relator.

*John H. Burlew* and *Charles W. Kettlewell,* for respondent.

***Per Curiam.*** We adopt the findings, conclusions, and recommendation of the board. A public reprimand is the appropriate sanction for respondent's isolated act of misconduct. See *Akron Bar Assn. v. Naumoff* (1991), 62 Ohio St.3d 72, 578 N.E.2d 452, and *Mahoning Cty. Bar Assn. v. Gilmartin* (1991), 62 Ohio St.3d 10, 577 N.E.2d 350, where we publicly reprimanded and ordered attorneys to make full restitution to clients for violating DR 2–106(A). As the board found, once respondent became aware of his error in retaining a fee from the burial fee account, he made complete restitution to the beneficiaries of the testamentary

trust and accepted complete responsibility for his actions. Respondent is hereby publicly reprimanded. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.