**DISCIPLINARY COUNSEL *v*. AGOPIAN.**

**[Cite as *Disciplinary Counsel v. Agopian*, 112 Ohio St.3d 103, 2006-Ohio-6510.]**

*Attorneys at law—Misconduct—Conduct involving dishonesty, fraud, deceit, or misrepresentation—Conduct adversely reflecting on fitness to practice law—Public reprimand.*

(No. 2006-0779 — Submitted August 8, 2006 — Decided December 27, 2006.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 05-079.

————————————

**O'DONNELL, J.**

**{¶ 1}** In this case, we are called upon to determine the appropriate sanction for an attorney who submitted inaccurate fee bills to the Cuyahoga County Court of Common Pleas for legal services rendered as court-appointed counsel to indigent criminal defendants.

**{¶ 2}** The Board of Commissioners on Grievances and Discipline adopted the panel's sanction and recommended that the Supreme Court impose a one-year stayed suspension of Richard V. Agopian's license to practice law for allegedly improperly billing the Cuyahoga County Court of Common Pleas for court-appointed legal services. After a careful review of the facts in this case, we reject this recommendation and conclude that the conduct here warrants a public reprimand.

**{¶ 3}** Disciplinary Counsel filed a complaint against Richard Van Agopian of Cleveland, Attorney Registration No. 0030924, in connection with fee bills he submitted to the Cuyahoga County Court of Common Pleas for

representation of indigent defendants charged with criminal conduct. Admitted to the practice of law in Ohio in 1975, Agopian has primarily represented defendants in criminal matters in Cuyahoga County since about 1985, and he often served as appointed counsel for indigent parties. This case involves a series of fee bills he submitted to the court for approval primarily between the months of October 2002 and April 2003, a period during which he represented between 30 and 40 such clients. The majority of these cases involved third-, fourth-, and fifth-degree felonies, for which Loc.R. 33 of the Court of Common Pleas of Cuyahoga County, General Division, specified an hourly rate of $40 for out-of-court and $50 for in-court representation and set a maximum fee for these felonies at $400.

{¶ 4} Because his practice necessitated his daily appearance in court, Agopian would spend his weekends preparing fee bills and would approximate the amount of time he spent working on a particular case in drafting his fee requests.

{¶ 5} In a hearing before a three-member panel of the Board of Commissioners on Grievances and Discipline, Agopian stipulated that he submitted bills to the court that did not reflect the day upon which he rendered the services mentioned. The panel found that his billing records reflected a pattern of recording the same number of hours to prepare and file motions in a number of cases regardless of the actual time spent and that he would assign those hours to a date regardless of whether he actually performed that work on that day. He admitted that he had approximated his actual time to perform these services but had nevertheless certified to the court the accuracy of the information.

{¶ 6} The panel found that Agopian submitted fee bills for work performed in excess of 24 hours on three days: Saturday, October 12, 2002; Saturday, November 2, 2002; and Saturday, November 23, 2002. But the reality is that Agopian spent those weekends in his office preparing fee bills for cases he had worked on during the previous weeks and months, giving the appearance that

2

he had performed more than 24 hours of work on a given day. Despite the perception, Agopian did all the work on each individual case but failed to accurately record the exact days of his appearances in court or the specific number of hours that he spent on each case. Rather, Agopian recorded the same number of hours spent in motion practice and in opening each of these case files in an effort to obtain the $400 maximum legal fee authorized by local rule for the work he performed. Despite this careless and sloppy timekeeping practice, there is no evidence of deceit or any course of conduct designed to collect fees for work not performed. The panel found that Agopian "routinely performs services in an amount far in excess of the time for which he submits payment requests." One panel member noted that Agopian "wasn't taking one hour * * * and turning it into three. It looks to me like he was taking three hours and turning it into one."

{¶ 7} Following the hearing, the panel determined that Agopian had violated DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation) and 1-102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law). The panel recommended dismissal of the Disciplinary Counsel's allegation of a third rule violation, finding no evidence that Agopian had violated DR 2-106 (a lawyer shall not charge or collect an illegal or clearly excessive fee).

{¶ 8} The Board of Commissioners on Grievances and Discipline adopted the panel's recommendation and recommended a one-year stayed suspension of Agopian's license to practice law.

{¶ 9} Disciplinary Counsel objected to the board's recommendation that the alleged violation of DR 2-106 be dismissed. We overrule Disciplinary Counsel's objection and accept the board's recommendation to dismiss this allegation.

{¶ 10} This court has consistently recognized that "in determining the appropriate length of the suspension and any attendant conditions, we must

recognize that the primary purpose of disciplinary sanctions is not to punish the offender, but to protect the public." *Disciplinary Counsel v. O'Neill*, 103 Ohio St.3d 204, 2004-Ohio-4704, 815 N.E.2d 286, ¶ 53; see, also, *Ohio State Bar Assn. v. Weaver* (1975), 41 Ohio St.2d 97, 100, 70 O.O.2d 175, 322 N.E.2d 665. As we stated in *Weaver*, " 'In [a] disciplinary matter, the primary purpose is not to punish an offender; it is to protect the public against members of the bar who are unworthy of the trust and confidence essential to the relationship of attorney and client; it is to ascertain whether the conduct of the attorney involved has demonstrated his unfitness to practice law, and if so to deprive him of his previously acquired privilege to serve as an officer of the court.' " Id., quoting *In re Pennica* (1962), 36 N.J. 401, 418-419, 177 A.2d 721.

{¶ 11} As the panel noted, Agopian's conduct "did not involve the exploitative motive found in *Disciplinary Counsel v. Holland*, 106 Ohio St.3d 372, 2005-Ohio-5322 [835 N.E.2d 361]," in which we suspended an attorney for one year for double billing, i.e., " 'billing of fees and costs to more than one client for the same work or the same hours.' " *Holland*, ¶ 21, quoting Hopkins, Law Firms, Technology, and the Double-Billing Dilemma (1998), 12 Geo.J.Legal Ethics 93, 99. Agopian did not pad his bills or charge for work he did not perform. Moreover, he took full responsibility for his sloppy record keeping.

{¶ 12} We have considered similar cases involving fees and determined a public reprimand to be the appropriate sanction. In *Dayton Bar Assn. v. Schram*, 98 Ohio St.3d 512, 2003-Ohio-2063, 787 N.E.2d 1184, in which an attorney violated DR 2-106(A) by charging a nonrefundable fee, we determined that a public reprimand should be imposed. We noted Schram's lack of a prior disciplinary record, her cooperation in the disciplinary proceedings, and the panel's determination that she "had not intended to keep more money than she earned from her client." Id., ¶ 7.

**{¶ 13}** In *Cincinnati Bar Assn. v. Randolph* (1999), 85 Ohio St.3d 325, 708 N.E.2d 192, we publicly reprimanded an attorney who violated DR 2-106(A) by retaining a portion of a fee he had not earned. In so holding, we noted Randolph's lack of a disciplinary record, his character letters attesting to his honesty and integrity, and his complete acceptance of responsibility. The same considerations expressed in *Schram* and *Randolph* militate against imposing any sanction other than a public reprimand for Agopian's conduct. While we do not condone the billing practices employed in this case, the conduct involves neither a deliberate effort to deceive in order to generate funds not earned nor an effort to collect for services not rendered, and it is not a double-billing case.

**{¶ 14}** We have also held that "mitigating evidence can justify a lesser sanction." *Disciplinary Counsel v. Carroll*, 106 Ohio St.3d 84, 2005-Ohio-3805, 831 N.E.2d 1000, ¶ 13. In this case, the mitigating evidence demonstrates that Agopian has no prior disciplinary record, has fully cooperated with the disciplinary process, and has accepted responsibility for his conduct. The panel received more than 40 letters attesting to his character, including one from Judge Janet Burnside ("I have always found him honest and forthright in all my dealings with him") and two from former presidents of the Cuyahoga Criminal Defense Lawyers Association, David L. Grant and James M. Kersey, who attested to his integrity, reputation, and professionalism. In other letters, colleagues Mark A. Stanton noted "an unwavering belief that Richard Agopian embodies the highest standards of professional excellence and integrity," and William T. Doyle wrote that Agopian "always conducted himself in a very professional manner." This mitigating evidence counsels against imposing the sanction recommended in this case.

**{¶ 15}** Weighing the mitigating factors against the conduct at issue, we reject the board's recommendation that a one-year stayed suspension be imposed, and instead, based on the fact that Agopian has no prior disciplinary record, has

fully complied with the disciplinary process, and has accepted responsibility for his conduct, and further considering the character letters attesting to his reputation, integrity, and professionalism, we issue a public reprimand for the conduct in this case.  Costs are taxed to respondent.

Judgment accordingly.

RESNICK, PFEIFER and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., O'CONNOR and LANZINGER, JJ., dissent.

_____

**LANZINGER, J., dissenting.**

{¶ 16} I respectfully dissent.  I would impose a one-year stayed suspension as recommended by the Board of Commissioners on Grievances and Discipline.

MOYER, C.J., and O'CONNOR, J., concur in the foregoing opinion.

_____

Jonathan E. Coughlan, Disciplinary Counsel, for relator.

Kegler, Brown, Hill & Ritter, Christopher J. Weber, and Geoffrey Stern, for respondent.

_____