DISCIPLINARY COUNSEL *v*. KRAEMER.

[Cite as *Disciplinary Counsel v. Kraemer*,

126 Ohio St.3d 163, 2010-Ohio-3300.]

*Attorney misconduct — Misappropriation of client fees belonging to law firm — Two-year suspension with one year stayed on conditions and credit for one year of interim suspension.*

(No. 2009-2336 — Submitted March 31, 2010 — Decided July 21, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-052.

_____

**Per Curiam**.

**{¶ 1}** Respondent, Bradley M. Kraemer of West Chester, Ohio, Attorney Registration No. 0070329, was admitted to the practice of law in Ohio in 1998. On July 10, 2008, we imposed an interim felony suspension on respondent's license pursuant to Gov.Bar R. V(5)(A)(4). *In re Kraemer*, 118 Ohio St.3d 1514, 2008-Ohio-3441, 889 N.E.2d 1031.

**{¶ 2}** The Board of Commissioners on Grievances and Discipline now recommends that we suspend respondent's license to practice for a period of two years, all stayed on conditions, based upon stipulations and findings that respondent misappropriated $7,157.10 in client fees belonging to his law firm. Relator objects to the board's report, arguing that our precedent requires an actual suspension from the practice of law for respondent's misconduct.

**{¶ 3}** We accept the board's factual findings and its conclusion that respondent's conduct violated the ethical standards incumbent on Ohio lawyers. However, we sustain relator's objection and conclude that respondent's misconduct warrants an actual suspension from the practice of law. Accordingly,

we suspend respondent for two years, with one year stayed on conditions, and credit one year of respondent's interim felony suspension toward the actual suspension.

## Misconduct

**{¶ 4}** The parties stipulated that respondent's law firm employed him pursuant to an oral agreement that he would receive 40 percent of the fees collected from the cases on which he worked and the firm would receive the remaining 60 percent. In 2007, respondent failed to remit the agreed 60 percent to the firm in relation to nearly $12,000 he collected in fees. As a result of this theft, respondent's employment was terminated and he was charged with one count of theft, a fifth-degree felony. He promptly entered a guilty plea and was sentenced to three years of community control, fined $1,000, and ordered to pay $7,157.10 in restitution to his former employer.

**{¶ 5}** The parties stipulated that respondent's misappropriation of the firm's share of these fees violated Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (prohibiting a lawyer from engaging in "conduct that is prejudicial to the administration of justice"), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). The panel and board accepted the stipulated facts and misconduct, and so do we.

## Sanction

**{¶ 6}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors

listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

**{¶ 7}** The parties stipulated that they believe the appropriate sanction for respondent's misconduct is a two-year suspension, with the second year stayed on the conditions that respondent (1) continue regular mental-health treatment at an interval to be determined by his treating professional, (2) submit to a law-practice monitor appointed by relator upon his return to practice, and (3) refrain from any further misconduct. The panel conducted a hearing to consider evidence and arguments regarding mitigation.

**{¶ 8}** The parties stipulated and the board found that the following mitigating factors weighed in favor of a less severe sanction: respondent's lack of a prior disciplinary record, his payment of restitution, his cooperative attitude toward these disciplinary proceedings, and the imposition of other penalties or sanctions. BCGD Proc.Reg. 10(B)(2)(a), (c), (d), and (f). The board also found that respondent's good character and reputation and his diagnosis of "adjustment disorder with mixed conduct and emotion" qualified as mitigating factors pursuant to BCGD Proc.Reg. 10(B)(2)(e) and (g). Additionally, the board concluded that respondent's cessation of criminal activity before he was caught, admission of wrongdoing when confronted by the police, and expression of sincere remorse at the hearing weighed in favor of a lesser sanction.

**{¶ 9}** The only factors that the board cited in aggravation were respondent's dishonest or selfish motive in stealing his employer's funds and his pattern of misconduct involving multiple offenses. BCGD Proc.Reg. 10(B)(1)(b), (c) and (d).

**{¶ 10}** After considering these factors and respondent's request for a credit for time served under the interim suspension, the panel and board rejected

the parties' recommended sanction of a two-year suspension with one year stayed on conditions. Instead, they recommend that we impose a two-year suspension, all stayed on the conditions that respondent (1) continue to make regular visits to his treating mental-health professional, at an interval to be determined by that professional, (2) upon his return to practice, submit to a law-practice monitor appointed by relator, and (3) refrain from any further misconduct.

{¶ 11} In support of its recommendation, the board cites *Akron Bar Assn. v. Carter*, 115 Ohio St.3d 18, 2007-Ohio-4262, 873 N.E.2d 824, and *Disciplinary Counsel v. Brenner*, 122 Ohio St.3d 523, 2009-Ohio-3602, 912 N.E.2d 1116. But in each of those cases, we imposed two-year suspensions with only one year stayed for similar misconduct.

{¶ 12} The board also noted that pursuant to precedent, factors relevant to the determination of credit for time served for an interim suspension include the presence of remorse and acceptance of responsibility, the length of time the criminal conduct occurred and the amount of money involved, and whether the conduct was "a one-time, out-of-character mistake." *Disciplinary Counsel v. Margolis*, 114 Ohio St.3d 165, 2007-Ohio-3607, 870 N.E.2d 1158, ¶ 26-27. While the board found these factors present in this case, it did not recommend that we credit the time respondent served under his interim suspension against the actual suspension proposed by the parties. Instead, the board concluded that we should stay respondent's entire two-year suspension from the practice of law.

{¶ 13} At first, the distinction between a two-year suspension, all stayed on conditions, and a two-year suspension with one year stayed, and a credit for one year served under an interim suspension appears to be semantic, because under either sanction, respondent will not spend any more actual time out of the practice of law, provided that he complies with the conditions of the stay. However, we have consistently held that the misappropriation of law-firm funds warrants an actual suspension from the practice of law. *Brenner*, 122 Ohio St.3d

4

523, 2009-Ohio-3602, 912 N.E.2d 1116, ¶ 21, citing *Toledo Bar Assn. v. Crossmock*, 111 Ohio St.3d 278, 2006-Ohio-5706, 855 N.E.2d 1215 (indefinite suspension for attorney's misappropriation of over $300,000 in law-firm funds); *Disciplinary Counsel v. Yajko* (1997), 77 Ohio St.3d 385, 674 N.E.2d 684 (indefinite suspension for misappropriating law-firm funds on 20 occasions); *Disciplinary Counsel v. Crowley* (1994), 69 Ohio St.3d 554, 634 N.E.2d 1008 (indefinite suspension for misappropriation of approximately $200,000 of law-firm funds); *Columbus Bar Assn. v. Osipow* (1994), 68 Ohio St.3d 338, 626 N.E.2d 935 (indefinite suspension for repeated failure to report fees to firm, misrepresenting expenses, and misappropriation). Indeed, we are unaware of any disciplinary case involving a theft offense in which we have entirely stayed a respondent's suspension. Moreover, we have required attorneys to serve a period of actual suspension for engaging in a course of conduct that involves dishonesty, fraud, deceit, or misrepresentation. *Disciplinary Counsel v. Rohrer*, 124 Ohio St.3d 65, 2009-Ohio-5930, 919 N.E.2d 180, ¶ 43, citing *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 190, 658 N.E.2d 237.

{¶ 14} Consequently, we conclude that respondent's conduct warrants an actual suspension from the practice of law, and we therefore sustain relator's objection. However, in light of our findings that respondent accepted responsibility and expressed sincere remorse for his conduct and that his offenses occurred over a short period, four months, and involved only $7,157.10, and in the absence of any objection from relator, we credit one year of respondent's interim suspension against his current sanction.

{¶ 15} Accordingly, Bradley M. Kraemer is hereby suspended from the practice of law in the state of Ohio for two years, with one year stayed on the conditions that he continue to participate in mental-health counseling and complete a two-year term of probation monitored by relator in accordance with Gov.Bar R. V(9) following his return to the practice of law. However, we hereby

credit one year of respondent's interim suspension against the one year of actual suspension and terminate the interim felony suspension. Therefore, respondent may immediately apply for reinstatement pursuant to Gov.Bar R. V(10)(A). But if respondent fails to meet the stated conditions, the stay of his suspension will be lifted, and he will serve the remaining one-year actual suspension from the practice of law. Costs are taxed to respondent.

Judgment accordingly.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

BROWN, C.J., not participating.

_____

Jonathan Coughlan, Disciplinary Counsel, and Joseph M. Caligiuri and Carol Acosta, Assistant Disciplinary Counsel, for relator.

Michael T. Gmoser, for respondent.

_____