DISCIPLINARY COUNSEL *v.* GRIGSBY.

[Cite as *Disciplinary Counsel v. Grigsby,*

**128 Ohio St.3d 413, 2011-Ohio-1446.]**

*Attorney misconduct, including commission of an illegal act that reflects adversely on the lawyer's honesty or trustworthiness — Eighteen-month suspension, all stayed on conditions.*

(No. 2010-2126 — Submitted February 2, 2011 — Decided March 31, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 10-058.

_____

**Per Curiam**.

**{¶ 1}** Respondent, Stephanie Gunter Grigsby of Piqua, Ohio, Attorney Registration No. 0070436, was admitted to the practice of law in Ohio in 1999. In February 2010, respondent self-reported her misdemeanor conviction for one count of misuse of a credit card arising from her use of her employer's credit card for personal expenses. As a result, relator, Disciplinary Counsel, filed a complaint charging respondent with engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation that adversely reflected on her honesty and trustworthiness and her fitness to practice law.

**{¶ 2}** The parties have submitted stipulations of fact and misconduct, and a panel of the Board of Commissioners on Grievances and Discipline conducted a hearing to determine the appropriate sanction for respondent's misconduct. The panel and board have accepted the parties' agreed stipulations and recommend that we suspend respondent from the practice of law for 18 months, all stayed on the conditions that her practice be monitored by an attorney appointed by relator and that she commit no further misconduct.

**Misconduct**

**{¶ 3}** The stipulated facts of this case and respondent's testimony demonstrate that in August 2006, respondent began to misuse a corporate credit card issued to her by her employer. Although she initially paid each monthly bill in full from her personal funds, as her financial condition worsened, she was unable to make the payments on a timely basis. Respondent's employer became aware of respondent's conduct in April 2009 and terminated her employment.

**{¶ 4}** A grand jury indicted respondent on two felony counts arising from her conduct. On January 28, 2010, respondent pleaded guilty to misuse of a credit card, a first-degree misdemeanor, and was later ordered to pay a $100 fine and pay restitution of $2,960 to the employer. She made timely restitution and paid her fine and court costs in full. And on February 1, 2010, she self-reported her conviction to relator.

**{¶ 5}** The parties have stipulated, and the panel and board have found, that respondent's conduct violated Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness), (c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and (h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). We accept these findings of fact and misconduct.

**Sanction**

**{¶ 6}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and

Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 7} As aggravating factors, the panel and board found that respondent had acted with a dishonest or selfish motive and had engaged in a pattern of misconduct spanning more than two and one-half years. See BCGD Proc.Reg. 10(B)(1)(b) and (c). However, they attributed mitigating effect to respondent's lack of a prior disciplinary record, prompt payment of restitution, self-reporting of her misconduct, and full cooperation in the disciplinary process. See BCGD Proc.Reg. 10(B)(2)(a), (c), and (d). They also found that respondent elected not to practice law for more than one year following the termination of her employment, that her acts of misconduct are out of character, and that she is extremely remorseful.

{¶ 8} Relator argues that respondent's conduct is comparable to that of the attorneys in *Akron Bar Assn. v. Carter*, 115 Ohio St.3d 18, 2007-Ohio-4262, 873 N.E.2d 824 (imposing a two-year suspension with the second year stayed on conditions based upon his pleading guilty to felony theft and misuse of his employer's credit card, his failure to accept full responsibility for his actions, and his failure to timely make restitution) and *Disciplinary Counsel v. Kraemer*, 126 Ohio St.3d 163, 2010-Ohio-3300, 931 N.E.2d 571 (imposing a two-year suspension with the second year stayed on conditions on attorney who misappropriated more than $7,000 in fees belonging to his law firm). Based upon *Carter* and *Kraemer*, relator argues that respondent's suspension should include a period of actual suspension. Due to the presence of significant mitigating evidence, including respondent's self-reporting, her extensive cooperation and remorse, and the fact that other sanctions had been imposed, however, he recommends a one-year suspension with six months stayed.

{¶ 9} Despite relator's request, the panel and board recommend that we impose an 18-month suspension, all stayed on the conditions that respondent's

practice be monitored by an attorney appointed by relator in accordance with Gov.Bar R. V(9) and that she commit no further misconduct. Neither party has objected to this recommendation.

{¶ 10} We are ever mindful that the primary purpose of the disciplinary process is not to punish the offender but to protect the public from lawyers who are unworthy of the trust and confidence essential to the attorney-client relationship. *Disciplinary Counsel v. Agopian*, 112 Ohio St.3d 103, 2006-Ohio-6510, 858 N.E.2d 368, ¶ 10. Because we conclude that the lengthier stayed suspension coupled with monitored probation will provide greater protection to the public than a shorter actual suspension, we agree that an 18-month suspension stayed on conditions is the appropriate sanction for respondent's misconduct.

{¶ 11} Accordingly, we suspend Stephanie Gunter Grigsby from the practice of law in Ohio for 18 months, all stayed on the conditions that she serve 18 months of supervised probation with a monitor appointed by relator in accordance with Gov.Bar R. V(9) and that she commit no further misconduct. If respondent fails to comply with the conditions, the stay will be lifted, and she will serve the entire 18-month suspension. Costs are taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

John H. Burlew, for respondent.

_____