**AKRON BAR ASSOCIATION *v*. GRONER.**

**[Cite as *Akron Bar Assn. v. Groner,* 131 Ohio St.3d 194, 2012-Ohio-222.]**

*Attorneys at law—Multiple disciplinary violations alleged, but respondent's objections sustained in part—Six-month stayed suspension.*

(No. 2011-0866—Submitted September 7, 2011—Decided January 25, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 10-041.

_____

**Per Curiam.**

{¶ 1} Respondent, Betty Groner, Attorney Registration No. 0030130, was admitted to the practice of law in Ohio in 1985. In June 2010, relator, Akron Bar Association, filed a complaint charging Groner with violations of the Rules of Professional Conduct for filing a pleading that contained misrepresentations and false accusations about an individual who had applied to be administrator in a probate estate.

{¶ 2} The parties submitted stipulations of fact and mitigation, and a panel of the Board of Commissioners on Grievances and Discipline conducted a hearing and made additional findings. The panel concluded that Groner had violated Prof.Cond.R. 3.1 (prohibiting a lawyer from asserting an issue unless there is a basis in law or fact for doing so), 3.3(a)(1) (prohibiting a lawyer from knowingly making a false statement of law or fact to a tribunal) and (3) (prohibiting a lawyer from offering evidence that the lawyer knows to be false and requiring a lawyer to take reasonable measures to remedy the situation when the lawyer discovers that the evidence is false), 4.1 (prohibiting a lawyer from making a false statement of law or fact to a nonclient), and 8.4(c), (d), and (h) (prohibiting a lawyer from engaging in dishonesty, fraud, deceit, or

misrepresentation, conduct prejudicial to the administration of justice, and conduct that adversely reflects on the lawyer's fitness to practice law), as charged. The board adopted the panel's findings of fact, conclusions of law, and recommended sanction that Groner be suspended from the practice of law in Ohio for 12 months, with six months of the suspension stayed.

**{¶ 3}** Groner filed objections in which she argued that she did not knowingly make false statements to the court; she claims that she had made the statements in good faith and had withdrawn them when she suspected that they were incorrect. She also argued that while she had made a mistake, she had not intended to deceive, defraud, or misrepresent.

**{¶ 4}** For the reasons stated below, we sustain Groner's objections in part. There is insufficient evidence that Groner violated Prof.Cond.R. 8.4(c), (d), and (h), and we dismiss those charges. Consequently, we find that the more appropriate sanction is to suspend Groner from the practice of law in Ohio for six months, with the entire period stayed upon the condition that she commit no further disciplinary violations.

### Misconduct

#### Findings of Panel and Board

**{¶ 5}** Groner was retained by Zachary Hopson, a Texas resident, to oppose the application of his sister, Brenda Joyce Fowler, to serve as fiduciary of their deceased mother's estate. Groner entered a notice of appearance in the matter pending in the Probate Court of Summit County, and she filed a motion to recognize Hopson as the named executor in the will and to allow David Pierce, a family friend and resident of Summit County, to serve as cofiduciary.

**{¶ 6}** The court issued a notice of a hearing for September 8, 2009. When Groner arrived at court that day, she was told there was no oral hearing; instead, she was advised that September 8 was the deadline to submit written

2

objections to the appointment of Fowler as administrator of the estate. She returned to her office to prepare objections for filing that day.

{¶ 7} While preparing the objections, Groner requested information on Fowler from an online service that provides background reports for a fee, and she also searched a government website that provides—also for a fee—case and docket information from federal courts. Groner obtained a 16-page report from Intelius that disclosed that a Brenda Joyce Fowler of New Philadelphia, Ohio, had filed for bankruptcy and had a felony record. The government website confirmed the bankruptcy. Groner admitted that she was panicked that day and did not spend sufficient time reviewing the record, but she testified that, at the time, she believed that the allegations in the multipage report pertained to her client's sister, and she did not verify the information.

{¶ 8} Using the information she had obtained, Groner next contacted a bonding agency to inquire whether a convicted felon with a bankruptcy record could obtain a probate bond. The agency's representative, Frank Duffy, testified that he told Groner that such an applicant would not be approved. Groner asked for the rejection in writing. Instead, using the information that Groner had provided, Duffy indicated on a preapplication form that the applicant would be declined and faxed it to Groner.

{¶ 9} Groner prepared and filed written objections in probate court, alleging that Brenda Joyce Fowler would be prohibited from serving as the fiduciary because her personal bankruptcy and felony record precluded her obtaining a bond. In support of the allegations, Groner attached the preapplication bond form as Exhibit A.

{¶ 10} When Fowler received a copy of the objections from her attorney, she discovered that the pleading contained false information and accusations about her. The information in the reports that Groner had obtained referred to persons who were not the Brenda Joyce Fowler in this case. The Intelius report

referred to 19 different individuals named Brenda J. Fowler or something similar and described persons of different ages, races, locations, and sex. The report disclosed criminal records from states other than Ohio, including Texas, Florida, and Alaska.

{¶ 11} Groner testified that within a few days of filing the objections, after conversations with opposing counsel and her client, she began to suspect that the information she had submitted about Fowler was not correct. Groner subsequently filed a motion for mediation in which she amended the objections to remove most of the allegations made about Fowler.

{¶ 12} The panel concluded, and the board agreed, that there was clear and convincing evidence that Groner had no basis in fact or law for the false assertions and misleading arguments that she had made in a pleading, in violation of Prof.Cond.R. 3.1 and 3.3(a)(1) and (3). The panel also found that that she had filed a pleading containing false statements of material fact that became a public record and that she did not correct these statements, in violation of Prof.Cond.R. 4.1. The panel also concluded, and the board agreed, that there was clear and convincing evidence that Groner's knowing misrepresentations of fact to a court, her disregard for the truth, and her procurement and use of misleading evidence were a matter of fundamental dishonesty and misrepresentation in violation of Prof.Cond.R. 8.4(c), (d), and (h).

### Groner's Objections

{¶ 13} Groner contends that she did not knowingly submit false statements to the court. Instead, she made the statements in good faith and believed that they were correct. She further contends that the court did not consider or rely on the assertions she had made.

{¶ 14} Groner notes that relator admitted that the probate court did not rely on and was not misled by the document Groner filed, and counsel acknowledged that she was remorseful.

Violations of the Rules of Professional Conduct

{¶ 15} The board found that Groner had violated Prof.Cond.R. 3.1, 3.3(a)(1) and (3), and 4.1, and we agree. There was clear and convincing evidence that in a pleading, Groner made a number of false statements that had no basis in law or fact.

{¶ 16} We do not agree that the evidence supports a finding that Groner violated Prof.Cond.R. 8.4(c), (d), and (h), however. The record demonstrates that ten days after Groner filed the objections, she filed a motion for mediation in which she attempted to amend the objections to remove any allegations of criminal charges and any statements concerning the bond. In addition, counsel for relator agreed that while the exhibit attached to the objections may have demonstrated negligence or recklessness, it fell short of being intentionally fraudulent or deceitful. Counsel further admitted that the probate court did not rely on the information that Groner submitted, and therefore, it was not misled.

{¶ 17} We agree that the evidence does not reach the level of clear and convincing sufficient to establish that Groner violated Prof.Cond.R. 8.4(c), (d), or (h). Consequently, we dismiss those alleged violations.

**Sanction**

{¶ 18} The purpose of the disciplinary proceedings is to investigate the conduct and fitness of the attorney to practice law in order "to safeguard the courts and to protect the public from the misconduct of those who are licensed to practice law." *Ohio State Bar Assn. v. Weaver* (1975)*,* 41 Ohio St.2d 97, 100, 70 O.O.2d 175, 322 N.E.2d 665. Thus, the purpose underlying a disciplinary sanction is not to punish the offender, but to protect the public. *Disciplinary Counsel v. O'Neill*, 103 Ohio St.3d 204, 2004-Ohio-4704, 815 N.E.2d 286, ¶ 53.

{¶ 19} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the duties violated and sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743,

775 N.E.2d 818, ¶ 16. We also weigh evidence of aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 20} Here, the panel accepted, and the board agreed with, the three mitigating factors stipulated by the parties: that Groner had no prior disciplinary record, that she has made full and free disclosure and has demonstrated a cooperative attitude toward these proceedings, and that she has good character and reputation. Groner also submitted 11 character-reference letters. BCGD Proc.Reg. 10(B)(2)(a), (d), and (e).

{¶ 21} In aggravation, the panel determined, and the board agreed, that Groner exhibited a selfish motive, committed multiple offenses, has refused to acknowledge the wrongful nature of her conduct, and has caused resulting harm to the victim. BCGD Proc.Reg. 10(B)(1)(b), (d), (g), and (h).

{¶ 22} Upon close review of the record, including oral argument during which Groner represented herself, we find that Groner exercised poor judgment and recklessly prepared objections using information she hastily obtained and inadequately reviewed. In doing so, she made false statements in a pleading and attached a document that, if believed, would mislead the court. Once Groner learned of the erroneous information, she filed a motion for mediation in which she moved to dismiss allegations she had made against Brenda Fowler.

{¶ 23} The victim testified that it made relations with her siblings more uncomfortable, but that she already had a strained relationship with them. The case was successfully mediated, and disputes were resolved.

{¶ 24} Groner requested dismissal of the complaint against her, or in the alternative, that she receive a public reprimand. Relator recommended a public reprimand for her violations of Prof.Cond.R. 3.1, 3.3, and 4.1, distinguishing

Groner's misconduct from that of two other attorneys who improperly disseminated information and/or lied to a court as more egregious. In *Disciplinary Counsel v. Rohrer*, 124 Ohio St.3d 65, 2009-Ohio-5930, 919 N.E.2d 180, we imposed a six-month suspension on an attorney for directing a staff member to deliver a copy of a motion to a local newspaper in violation of a court order prohibiting communication with the media. Id. at ¶ 34, 54. The respondent had blamed the breach on his staff person and had then discharged her. Id. at ¶ 19. In *Disciplinary Counsel v. Robinson*, 126 Ohio St.3d 371, 2010-Ohio-3829, 933 N.E.2d 1095, we suspended respondent's license for one year after he removed confidential documents from his law firm and provided them to competitor firms with whom he was seeking employment. Id. at ¶ 10, 49. He also destroyed some of the documents and then lied about his actions in a deposition. Id. at ¶ 8, 11, 20.

{¶ 25} However, the circumstances in this case are more akin to those in *Disciplinary Counsel v. Agopian*, 112 Ohio St.3d 103, 2006-Ohio-6510, 858 N.E.2d 368, in which we issued a public reprimand for the respondent's submitting inaccurate fee bills to a court for legal services rendered to indigent criminal defendants. Id. at ¶ 6, 15. In light of Agopian's mitigating circumstances—no prior disciplinary record, cooperation in the disciplinary process, accepting responsibility for the misconduct, and character letters—we rejected the board's recommended sanction of a one-year stayed suspension. Id. at ¶ 15.

{¶ 26} We do not condone what can only be described as reckless and sloppy conduct that resulted in Groner's filing false and misleading statements in probate court. Nevertheless, in light of the mitigating circumstances, including resolution of the underlying probate matter, we do not perceive that an actual suspension from the practice of law is necessary to protect the public from further misconduct. Therefore, we find that the circumstances in Groner's case warrant a

six-month suspension from the practice of law with the entire six months stayed on the condition that she commit no further misconduct. If Groner fails to comply with the condition of the stay, the stay will be lifted, and she will serve the full six-month suspension. Costs are taxed to Groner.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Gorman, Malarcik, Pierce & Vuillemin and Donald J. Malarcik Jr.; and Alfred E. Schrader, for relator.

Betty Groner; and Kegler, Brown, Hill & Ritter and Rasheeda Khan, for respondent.

_____