**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**Bradley KRAEMER, Respondent.**

**No. 2012–SC–000379–KB.**

Supreme Court of Kentucky.

Oct. 25, 2012.

---

**9.**  *Id.* at 802.

**10.**  *Id.* at 801.

**11.**  *St. Clair v. Roark,* 10 S.W.3d 482, 485 (Ky.1999).

**12.**  *Id.*

**13.**  *Id.*

## *OPINION AND ORDER*

On July 21, 2010, the Supreme Court of Ohio suspended Bradley M. Kraemer, KBA Member No. 88722,[1] for two years, with one year probated subject to certain conditions and with credit for one year of an interim suspension he was previously ordered to serve. Thereafter, the Kentucky Bar Association (KBA) recommended that this Court impose reciprocal discipline. Kraemer responded to the KBA's recommendation on July 23, 2012. Because Kraemer has failed to show sufficient cause why this Court should not impose reciprocal discipline, we adopt the KBA's recommendation.

## I. BACKGROUND

Kraemer had an agreement with his Ohio firm under which he was to receive 40% of any fees he collected and turn the remaining 60% over to the firm. However, in 2007, Kraemer failed to remit to the firm the requisite 60% of approximately $12,000. He was subsequently fired and charged with one count of theft—a fifth-degree felony under Ohio law (comparable to a Class A misdemeanor under Kentucky law). He pled guilty to the charge.

The Supreme Court of Ohio suspended Kraemer from the practice of law on an interim basis in July 2008. In July 2010, Ohio suspended Kraemer from the practice of law for two years. His actions constituted violations of several Ohio Rules of Professional Conduct. The Ohio Supreme Court stated:

> The parties stipulated that respondent's misappropriation of the firm's share of these fees violated Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (prohibiting a lawyer from engaging in "conduct that is prejudicial to the administration of justice"), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). The panel and board accepted the stipulated facts and misconduct, and so do we.

*Disciplinary Counsel v. Kraemer*, 126 Ohio St.3d 163, 931 N.E.2d 571, 573

---

1. Kraemer was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 2001. He is currently suspended from the practice of law in this Commonwealth pursuant to a Supreme Court Order dated January 15, 2009 for nonpayment of dues and CLE noncompliance. His registered bar roster address is 8310 Princeton Glendale Rd. # B, West Chester, OH 45069–5879. However, his response to the KBA's Petition for Reciprocal Discipline states that his new address is 4841 A Rialto Road, West Chester, OH 45069.

(2010).[2]

The Ohio Supreme Court "stayed" Kraemer's suspension for one of the two years, "on the conditions that he continue to participate in mental-health counseling and complete a two-year term of probation monitored by relator[3] ... following his return to the practice of law." *Kraemer*, 931 N.E.2d at 575. The Court also gave Kraemer credit for one year of his previously-served interim felony suspension—allowing this time to count as his actual one-year suspension. *Id.* Accordingly, Kraemer was immediately eligible for reinstatement to the practice of law, subject to the conditions of the stay. *Id.* He was reinstated September 2, 2010.

## II. ANALYSIS

If an attorney licensed to practice law in this Commonwealth receives discipline in another jurisdiction, SCR 3.435(4) generally requires this Court to impose identical discipline. Furthermore, SCR 3.435(4)(c) requires this Court to recognize that "[i]n all other respects" a final adjudication of misconduct in another jurisdiction establishes conclusively the same misconduct for purposes of a disciplinary proceeding in Kentucky. Pursuant to SCR 3.435(4), we impose reciprocal discipline unless Kraemer proves "by substantial evidence: (a) a lack of jurisdiction or fraud in the [Ohio] disciplinary proceeding, or (b) that misconduct established warrants substantially different discipline in this State." SCR 3.435(4).

## III. ORDER

Having failed to show sufficient cause, it is hereby ORDERED as follows:

1.  Bradley M. Kraemer, KBA Member No. 88722, is hereby suspended from the practice of law in Kentucky for a period of two years, effective immediately from the date of entry of this Order, with the last year probated on the condition that he continue to participate in mental-health counseling.[4] We cannot credit him for one year of a previously-served interim suspension, as he was not required to serve an interim felony suspension in Kentucky.

2.  Pursuant to SCR 3.450, Kraemer is directed to pay the costs associated with this proceeding, if any, for which execution may issue from this Court upon finality of this Opinion and Order.

3.  Pursuant to SCR 3.390, Kraemer shall, within ten days from the entry of this Opinion and Order, notify all Kentucky clients, in writing, of his inability to represent them; notify, in writing, all Kentucky courts in which he has matters pending of his suspension from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel of the KBA. Furthermore, to the extent possible, Kraemer shall immediately. cancel and cease any ad-

---

2.  The comparable Kentucky rules are SCR 3.130–8.4(b), which states: "It is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects"; and SCR 3.130–8.4(c), which states: "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation." Kentucky does not have a rule comparable to Ohio's Prof.Cond.R. 8.4(d).

3.  Kentucky does not have an analogous program whereby a relator is assigned to monitor a disciplined attorney during a probationary period.

4.  However, we do not impose an identical requirement that Kraemer be monitored by a relator for his practice in Kentucky as we do not have an analogous monitoring program.

vertising activities in which he is engaged.

All sitting. All concur.

ENTERED: October 25, 2012.
   Chief Justice
/s/ John D. Minton, Jr.