**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Cleveland Metro. Bar Assn. v. Haynes,* **Slip Opinion No. 2015-Ohio-3706.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-3706

CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* HAYNES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cleveland Metro. Bar Assn. v. Haynes,* Slip Opinion No. 2015-Ohio-3706.]**

*Attorneys—Misconduct—Felony conviction for receiving stolen property—Two-year suspension with six months stayed on condition and with no credit for time served under interim felony suspension.*

(No. 2015-0277—Submitted April 14, 2015—Decided September 16, 2015.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2014-025.

_____

**Per Curiam.**

{¶ 1} Respondent, Dawn Trinah Haynes of Cleveland, Ohio, Attorney Registration No. 0074001, was admitted to the practice of law in Ohio in 2001. On May 7, 2013, we suspended Haynes's license on an interim basis upon receiving notice that she had been convicted of a felony. *In re Haynes*, 135 Ohio

St.3d 1308, 2013-Ohio 1851, 988 N.E.2d 568. And on November 1, 2013, we imposed an additional suspension based on her failure to register for the 2013-2015 biennium. *In re Attorney Registration Suspension of Haynes*, 136 Ohio St.3d 1544, 2013-Ohio-4827, 996 N.E.2d 973.

{¶ 2} On March 14, 2014, relator, Cleveland Metropolitan Bar Association, filed a complaint alleging that the conduct that resulted in Haynes's April 2013 conviction for receiving stolen property involved dishonesty, fraud, deceit, or misrepresentation that adversely reflected on her honesty or trustworthiness and her fitness to practice law. The parties subsequently submitted joint stipulations of fact, misconduct, and aggravating and mitigating factors, and they recommended that Haynes be suspended for two years, with the final six months stayed on conditions, with credit for the time served under her interim felony suspension. A panel of the Board of Professional Conduct adopted the parties' stipulations and agreed that a two-year suspension with six months stayed and credit for time served is the appropriate sanction for Haynes's misconduct. The board adopted the panel report in its entirety.

{¶ 3} We adopt the parties' stipulations of fact and misconduct and aggravating and mitigating factors. And while we agree that a two-year suspension with six months stayed on conditions is the appropriate sanction for Haynes's misconduct, we decline to credit her for the time she has served under her interim felony suspension.

**Misconduct**

{¶ 4} A 41-count indictment issued in August 2011 alleged that Haynes, her husband, and ten other people had engaged in a pattern of stealing merchandise from big-box retailers in Summit County, returning the stolen merchandise to obtain cash refunds in the form of merchandise cards, using a cell phone registered to Haynes to check balances on the merchandise cards, and using an eBay account registered to Haynes to sell the merchandise cards. Haynes

2

reported her indictment to relator. She admits that she returned merchandise that she knew or should have known had been stolen by one or more of the other parties charged in the indictment to retailers and that in exchange for the returned merchandise she received merchandise cards. She pleaded guilty to a single felony count of receiving stolen property in April 2013, for which she was sentenced to 24 months of community control and ordered to pay $1,500 in restitution. Shortly after entering her guilty plea, she was terminated from her employment.

{¶ 5} The parties stipulated and the board found that Haynes's conduct violated Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness) and 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). The parties additionally stipulated and the board found that the scheme and nature of deceiving retailers for her pecuniary gain justifies a separate finding that Haynes violated Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

### Sanction

{¶ 6} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Gov.Bar R. V(13).

{¶ 7} The parties stipulated to a single aggravating factor—that Haynes acted with a dishonest or selfish motive when she returned merchandise that she knew or should have known was stolen to obtain a pecuniary benefit. *See* Gov.Bar R. V(13)(B)(2). The board also noted that Haynes has an ongoing

attorney-registration suspension. *See* Gov.Bar R. V(13)(B)(1). The parties agreed that the relevant mitigating factors include the absence of a prior disciplinary record (other than the registration violation), Haynes's timely good faith effort to make restitution or rectify the consequences of her misconduct, her full and free disclosure and cooperative attitude toward the disciplinary proceedings, the imposition of criminal penalties for her conduct, and her participation in an interim rehabilitation program administered by the Ohio Lawyers Assistance Program ("OLAP") since March 2012. *See* Gov.Bar R. V(13)(C)(1), (3), (4), (6), and (8).

{¶ 8} The parties jointly recommended that Haynes be suspended from the practice of law for two years with six months of that suspension stayed and with credit for the time she has served under her interim felony suspension. In support of that recommendation, the parties cited several cases involving comparable conduct in which we imposed sanctions ranging from 18 months to two years, with all or a portion of the suspension stayed on conditions. *See Disciplinary Counsel v. Grigsby*, 128 Ohio St.3d 413, 2011-Ohio-1446, 945 N.E.2d 512 (imposing an 18-month suspension, all stayed on conditions, on an attorney who pleaded guilty to first-degree misdemeanor misuse of a credit card after she used her employer's corporate credit card for personal expenses); *Disciplinary Counsel v. Kraemer*, 126 Ohio St.3d 163, 2010-Ohio-3300, 931 N.E.2d 571 (suspending an attorney for two years with the second year stayed on conditions and with a one-year credit for time served under an interim felony suspension for misappropriating more than $7,000 from his law firm; mitigating factors included a mental-health diagnosis that contributed to the misconduct and the cessation of criminal activity before the attorney was caught); and *Akron Bar Assn. v. Carter*, 115 Ohio St.3d 18, 2007-Ohio-4262, 873 N.E.2d 824 (suspending an attorney for two years with the final year stayed on conditions for misconduct that included felony convictions for theft and misuse of a credit card). Finding these cases to be

instructive, the board agreed that a two-year suspension with six months stayed and with credit for the time served under her interim felony suspension is the appropriate sanction for Haynes's misconduct.

{¶ 9} We adopt the board's findings and conclude that Haynes's conduct violated Prof.Cond.R. 8.4(b), (c), and (h). We also agree that the appropriate sanction for Haynes's misconduct is a two-year suspension with six months stayed on the condition that she commit no further misconduct. However, we decline to credit Haynes for the time served under her interim suspension.

{¶ 10} Accordingly, Dawn Trinah Haynes is hereby suspended from the practice of law in Ohio for two years, with the final six months stayed on the condition that she engage in no further misconduct. She shall receive no credit for the time served under her interim felony suspension. Costs are taxed to Haynes.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, KENNEDY, and FRENCH, JJ., concur.

LANZINGER and O'NEILL, JJ., dissent, and would grant respondent credit for time served under interim suspension.

_____

Jordan D. Lebovitz and Brenda M. Johnson; and K. Ann Zimmerman, Bar Counsel, and Heather M. Zirke, Assistant Bar Counsel, for relator.

Lester Potash, for respondent.

_____

5