Kennedy, J.,
concurring.
{¶ 22} I agree with the majority that a six-month suspension, stayed on conditions, is the appropriate sanction for the misconduct of respondent, Tasso Paris. The majority opinion tacitly rejects the board’s request that we adopt a new presumption that in the absence of significant mitigating factors, the court will impose an actual suspension for the repeated and unwelcome solicitation of vulnerable clients for sexual activity. The dissenting opinion argues in favor of adopting this presumption. I write separately to squarely address whether it is this court’s role to create a new presumption in favor of an actual suspension in lieu of our deeply rooted process of determining the appropriate sanction in each individual case.
{¶ 23} Gov.Bar R. V(13) imposes a duty on the Board of Professional Conduct to examine the unique facts and circumstances of each disciplinary case, the aggravating and mitigating factors applicable to the individual attorney, and his or her life circumstances in order to determine the appropriate sanction for that *61 particular attorney. Therefore, the establishment of a presumption of an actual suspension would be antithetical to our rules.
{¶ 24} In 1995, this court established a presumption of an actual suspension in cases with misconduct involving dishonesty, fraud, deceit, or misrepresentation, absent mitigating factors justifying a stay. See Disciplinary Counsel v. Fowerbaugh, 74 Ohio St.3d 187, 658 N.E.2d 237 (1995). A majority of the court in Fowerbaugh reasoned that a presumption was warranted for conduct by an attorney involving deception, falsehood, or fraud because “[s]uch conduct strikes at the very core of a lawyer’s relationship with the court and with the client. Respect for our profession is diminished with every deceitful act of a lawyer.” Id. at 190.
{¶ 25} In my view, however, deception and fraud are not the only types of misconduct that strike at the core of a lawyer’s relationship with the court and with the client. Instead, every act of misconduct does so and diminishes the honor and nobility of our great profession. But to echo the views expressed in Justice Resnick’s separate opinion in Fowerbaugh:
It is the responsibility of this court to give guidance as to what conduct constitutes a violation of the Disciplinary Rules. It is not the province of this court to use syllabus law to mandate a particular sanction once a violation has been found. The sanction in each individual’s case should be determined based upon the unique facts and circumstances of that case.
Id. at 191 (Resnick, J., concurring in judgment only).
{¶ 26} Without question, inappropriate sexual conduct by an attorney toward his or her client undermines the attorney-client relationship and diminishes respect for our profession. However, if we were to adopt a presumption of an actual suspension for this category of misconduct based on the reasoning advanced by the majority in Fowerbaugh, why not extend this approach and establish a similar presumption for any and all cases involving violations that undermine the attorney-client relationship and dimmish respect for our profession? Adoption of the proposed presumption in this case would move us closer to a reality in which the “exception swallows the rule.”
{¶ 27} Gov.Bar R. V(2)(A) provides that “[ejxcept as otherwise expressly provided in rules adopted by the Supreme Court, all grievances involving alleged misconduct by * * * attorneys * * * shall be brought, conducted, and disposed of in accordance with the provisions of this rule.” This provision applies to all of Gov.Bar R. V, including Gov.Bar R. V(13). Presuming an actual suspension would fundamentally transform our well-established individualized process of attorney discipline into a formulaic “one size fits all” system. This philosophical *62 shift should be carried out, if ever, only pursuant to this court’s longstanding rulemaking process, not through judicial fiat. It is for the members of the legal community — guided by the principle that the primary purpose of the disciplinary process is not to punish the offender but to “ ‘protect the public against members of the bar who are unworthy of the trust and confidence essential to the relationship of attorney and client,’ ” Disciplinary Counsel v. Agopian, 112 Ohio St.3d 103, 2006-Ohio-6510, 858 N.E.2d 368, ¶ 10, quoting Ohio State Bar Assn. v. Weaver, 41 Ohio St.2d 97, 100, 322 N.E.2d 665 (1975) — to debate whether it would be appropriate to establish a presumption of an actual suspension.
{¶ 28} Accordingly, I respectfully concur.