**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Vanderburg,* **Slip Opinion No. 2019-Ohio-4227.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-4227

DISCIPLINARY COUNSEL *v.* VANDERBURG.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Vanderburg,* Slip Opinion No. 2019-Ohio-4227.]**

*Attorneys—Misconduct—Violation of the Rules of Professional Conduct, namely, engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—One-year suspension, stayed on conditions.*

(No. 2019-0503—Submitted April 23, 2019—Decided October 17, 2019.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2018-056.

_____

**Per Curiam.**

{¶ 1} Respondent, Keith Allan Vanderburg, of Independence, Ohio, Attorney Registration No. 0005609, was admitted to the practice of law in Ohio in 1978. In 2018, relator, disciplinary counsel, filed a complaint with the Board of Professional Conduct alleging that Vanderburg had improperly converted funds from his law firm.

**{¶ 2}** The board considered the case on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16). In their agreement, the parties stipulated to the following facts.

**{¶ 3}** In June 2012, attorneys at the law firm in which Vanderburg was working began representing a client who sold firearms and related products. Vanderburg did not perform any legal services for this client. By June 2014, the client owed the law firm more than $27,000 for legal services. Vanderburg knew of the client's delinquency due to his status as the law firm's managing partner. Because Vanderburg had an interest in firearms for personal use, he asked a law-firm partner and the originating attorney on the client's account to coordinate a purchase for him by credit against the client's outstanding balance. From June 2014 to December 2017, Vanderburg purchased products from the client by applying 13 credits against the client's balance.

**{¶ 4}** Some of Vanderburg's law-firm partners generally knew of his purchase-by-credit arrangement; however, they were unaware that he was not reimbursing the firm for his purchases. The parties stipulated that although Vanderburg had initially intended to reimburse the law firm, he failed to do so, resulting in his conversion of $28,184.81 from the firm. In June 2018, Peter Hessler, who had become the law firm's managing partner, discovered the unreimbursed credits while reviewing the client's delinquent account. After Hessler and another partner confronted Vanderburg, he admitted to the misconduct and fully reimbursed the law firm the next day. The parties stipulated that none of the firm's clients were harmed by Vanderburg's actions and that he remains a partner in the firm.

**{¶ 5}** In July 2018, Vanderburg and Hessler reported the misconduct to relator. Hessler also reported it to local police but requested that no further action be taken.

{¶ 6} Based on Vanderburg's actions, the parties stipulated that he violated Prof.Cond.R. 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). The parties also agreed to dismiss an alleged violation of Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). As an aggravating factor, they stipulated that he had engaged in a pattern of misconduct. *See* Gov.Bar R. V(13)(B)(3). As mitigating factors, the parties agreed that Vanderburg had no prior disciplinary offenses and had made a timely and good-faith effort at restitution, fully and freely disclosed the misconduct to the board and displayed a cooperative attitude toward the proceedings, and had a good character and reputation. *See* Gov.Bar R. V(13)(C)(1), (3), (4), and (5).

{¶ 7} The board recommends that we accept the parties' consent-to-discipline agreement and suspend Vanderburg from the practice of law for one year, with the suspension stayed in its entirety on the conditions that he engage in no further misconduct and pay the costs of the board's proceedings. The board analogized Vanderburg's misconduct to that in *Disciplinary Counsel v. Grigsby*, 128 Ohio St.3d 413, 2011-Ohio-1446, 945 N.E.2d 512, and *Disciplinary Counsel v. Markijohn*, 99 Ohio St.3d 489, 2003-Ohio-4129, 794 N.E.2d 24. In *Grigsby*, we imposed a conditionally stayed 18-month suspension on an attorney who had misused her employer's credit card for personal expenses. In *Markijohn*, we imposed a conditionally stayed six-month suspension on an attorney who had falsely reported to his employer that he had made required retirement-account payments and who had filed tax returns that included deductions for these phantom payments. Both cases involved significant mitigating evidence, including self-reporting, remorse, cooperation in the disciplinary process, payment of restitution, and no prior disciplinary record.

{¶ 8} We agree that Vanderburg violated Prof.Cond.R. 8.4(c) and that, in accord with the caselaw discussed above, a conditionally stayed one-year

suspension is the appropriate sanction in this case. We therefore adopt the parties' consent-to-discipline agreement and accept the board's recommended sanction.

{¶ 9} Keith Allan Vanderburg is hereby suspended from the practice of law for one year, with the entire suspension stayed on the conditions that he engage in no further misconduct and pay the costs of the board's proceedings. If Vanderburg fails to comply with either condition, the stay will be lifted and he will serve the entire one-year suspension.

Judgment accordingly.

O'CONNOR, C.J., and FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., dissents and would remand the cause to the Board of Professional Conduct.

_____

Scott J. Drexel, Disciplinary Counsel, and Jennifer A. Bondurant, Assistant Disciplinary Counsel, for relator.

Tucker Ellis, L.L.P., and Harry D. Cornett Jr., for respondent.

_____