DISCIPLINARY COUNSEL v. CARROLL.

[Cite as *Disciplinary Counsel v. Carroll*,
106 Ohio St.3d 84, 2005-Ohio-3805.]

(No. 2004–2113—Submitted February 16, 2005—Decided August 10, 2005.)

---

**Per Curiam.**

{¶ 1} Respondent, Gregory Alan Carroll, of West Union, Ohio, Attorney Registration No. 0039624, was admitted to the Ohio bar in 1988. He has engaged in the private practice of law in Adams County since that time, and he served one term as the county's prosecuting attorney from 1993 until 1997.

{¶ 2} On April 19, 2004, relator, Disciplinary Counsel, filed a complaint alleging that respondent had committed two violations of the Code of Professional Responsibility. Respondent was served with the complaint and filed an answer to it, and relator and respondent ultimately signed an agreed statement describing respondent's misconduct. A panel of the Board of Commissioners on Grievances and Discipline held a hearing and, based on the parties' stipulations, testimony, and other evidence, made findings of fact, conclusions of law, and a recommendation, all of which the board adopted.

*Misconduct*

{¶ 3} Respondent was appointed to the Ohio State Barber Board in January 1997 by Governor George Voinovich. That three-person board regulates barbers and barber colleges throughout Ohio, under R.C. Chapter 4709. Respondent served on the barber board until he was hired, under R.C. 4709.05(G), to serve as executive director of that board in September 2001. The executive director's post was a full-time position, and respondent received an annual salary of roughly $70,000 while serving in it.

{¶ 4} Respondent filled out timesheets to document the hours he spent working as executive director of the barber board. On 11 occasions between October 2001 and March 2002, the timesheets that respondent submitted were inaccurate. On some of the timesheets, respondent claimed compensatory time for working

through his lunch hour, and he also claimed some compensatory time in increments of less than 30 minutes. Those practices were inconsistent with a directive issued by the Ohio Department of Administrative Services in July 2001. In addition, respondent claimed on some of his timesheets that he had put in full days working for the barber board when in fact he had spent part of the workday out of the office attending court proceedings for his private legal clients.

{¶ 5} In December 2002, the Ohio Inspector General issued a report identifying approximately 90 hours of respondent's time that had been inaccurately reported on his timesheets. Respondent did not contest the report, and he resigned as executive director of the barber board on December 31, 2002.

{¶ 6} After resigning, respondent paid $5,115 to the state of Ohio as full restitution for the inaccuracies on his timesheets. He also entered a plea of no contest in June 2003 to a second-degree misdemeanor charge of dereliction of duty in violation of R.C. 2921.44(E). That charge—which accused respondent of recklessly failing to submit complete and accurate time records while working as a public servant—had been filed by the Inspector General's office. Respondent was found guilty of the charge in the Franklin County Municipal Court and was fined $750.

{¶ 7} Respondent cooperated fully with relator's investigation of his misconduct, and he acknowledged that his actions violated DR 1–102(A)(6) (barring conduct that adversely reflects on an attorney's fitness to practice law). The board found that respondent did in fact violate that provision.

{¶ 8} The board also found that respondent violated DR 1–102(A)(4) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation). That finding was grounded on the fact that respondent's timesheets misrepresented the number of hours that he had spent working for the barber board. According to the board, respondent had not offered a satisfactory explanation for the entries on his timesheets, which reflected that he had been working for the barber board when he had actually been in court representing his private legal clients.

## Sanction

{¶ 9} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The board cited no aggravating factors in connection with respondent's actions.

{¶ 10} The board did note several mitigating factors, including the absence of any prior disciplinary record, respondent's full cooperation with the Inspector General and relator during their investigations, his prompt payment of restitution to the state before any criminal or disciplinary charges were brought against him,

and his acknowledgement of responsibility and his resignation from the barber board soon after the inaccuracies were uncovered. The board also found no evidence that respondent acted with a selfish or dishonest motive. His record-keeping was deficient, but he was not attempting to receive pay for work he did not perform, according to the board. BCGD Proc.Reg. 10(B)(2)(a), (b), (c), and (d).

{¶ 11} The board noted these additional mitigating factors as well: respondent showed genuine remorse and explained his actions without offering excuses to justify his actions, he now practices law in a rural county and serves financially needy clients, his misconduct did not harm any legal clients, he had been subjected to criminal prosecution and had paid a fine, and several witnesses testified about his good character and reputation in his community. BCGD Proc.Reg. 10(B)(2)(e) and (f).

{¶ 12} Relator recommended that respondent be suspended from the practice of law for six months. The board, however, based on its conclusion that an actual suspension was not needed in order to protect the public and its findings of significant mitigating factors and no aggravating factors, recommended that respondent be suspended from the practice of law for six months, with the entire six months stayed.

{¶ 13} We agree that respondent violated DR 1–102(A)(4) and 1–102(A)(6), and we adopt the boards recommendation that a six-month suspension—which is to be stayed on the condition that respondent commit no further misconduct—is the appropriate sanction. A violation of DR 1–102(A)(4) usually requires an actual suspension from the practice of law for an appropriate period of time. See *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 190, 658 N.E.2d 237. However, mitigating evidence can justify a lesser sanction. *Dayton Bar Assn. v. Kinney* (2000), 89 Ohio St.3d 77, 728 N.E.2d 1052 (attorney's misrepresentations to a government agency that did not harm client or change outcome of the representation warranted a stayed six-month suspension).

{¶ 14} In this case, respondent's cooperation with investigators, his forthright and prompt effort to remedy any harm caused by his errors, and the absence of any dishonest or selfish motive on his part all counsel against his actual suspension from the practice of law. As we have said, the purpose of the disciplinary process is not to punish the offender but rather to protect the public. *Disciplinary Counsel v. O'Neill*, 103 Ohio St.3d 204, 2004-Ohio-4704, 815 N.E.2d 286, at ¶ 53. Respondent has in fact already been appropriately punished by the criminal-justice system, and we agree with the board that the public would not be well served by his actual suspension, particularly given that respondent made full restitution and no longer holds a position in which he must account to the public for his work hours.

{¶ 15} Accordingly, respondent is hereby suspended from the practice of law for six months, with the entire suspension stayed on the condition that he commit no further misconduct during that term. If respondent violates the condition, the stay will be lifted, and respondent will serve the entire term of actual suspension. Costs are taxed to respondent.

Judgment accordingly.

RESNICK, PFEIFER, LUNDBERG STRATTON, O'DONNELL and LANZINGER, JJ., concur.

MOYER, C.J., and O'CONNOR, J., dissent.

---

**MOYER, C.J., dissenting.**

{¶ 16} I respectfully dissent from the sanction imposed on respondent by the majority. We have held as syllabus law that "[w]hen an attorney engages in a course of conduct that violates DR 1–102(A)(4), the attorney will be actually suspended from the practice of law for an appropriate period of time." *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 658 N.E.2d 237. Only rarely do mitigating facts warrant variation from this rule. On the facts of this case, I would impose a six-month actual suspension, as recommended by relator.

O'CONNOR, J., concurs in the foregoing dissenting opinion.

---

Jonathan E. Coughlan, Disciplinary Counsel, for relator.

Kegler, Brown, Hill & Ritter and Geoffrey Stern, for respondent.