DISCIPLINARY COUNSEL *v.* TAFT.

[Cite as *Disciplinary Counsel v. Taft*, 112 Ohio St.3d 155, 2006-Ohio-6525.]

*Attorneys — Misconduct — Conduct adversely reflecting on fitness to practice law — Violation of financial disclosure laws — Misdemeanor conviction — Public reprimand.*

(No. 2006-1561 — Submitted September 20, 2006 — Decided December 27, 2006.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 06-023.

_____

**Per Curiam**.

{¶ 1} Respondent, Robert A. Taft II of Columbus, Ohio, Attorney Registration No. 0018186, was admitted to the practice of law in Ohio in 1976. Respondent is now Governor of the State of Ohio, having been elected to his first term in 1998 and re-elected in 2002, for a term ending in January 2007. Respondent has been on inactive status since November 26, 2002.

{¶ 2} On April 10, 2006, relator, Disciplinary Counsel, charged that respondent had failed to report gifts that he had received as governor, as required by financial disclosure laws, and thereby violated DR 1-102(A)(6) (prohibiting conduct that adversely reflects on a lawyer's fitness to practice law) of the Code of Professional Responsibility. Respondent admitted the charged misconduct and underlying events, which have been widely reported in the media.

{¶ 3} A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement and made findings of misconduct and a recommendation. See Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before

the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.") Accepting the consent-to-discipline agreement, the board also adopted the panel's findings of fact, conclusions of law, and recommendation.

Misconduct

{¶ 4} As governor, respondent is subject to the financial disclosure provisions of RC 102.02 and is required to file a report each year disclosing the source of each gift that he receives of over $75 in value. R.C. 102.02(A)(7). These disclosures are designed to ensure that public officials do not "solicit or accept anything of value that is of such a character as to manifest a substantial and improper influence upon the public official or employee with respect to that person's duties." R.C. 102.03(E). A free round of golf or other gift valued in excess of $75, therefore, must be reported. Ohio Ethics Commission Formal Advisory Opinion 2001-03.

{¶ 5} Respondent timely filed financial disclosure forms in each year that he was required to do so. But in 2005, amid public scrutiny of various public officials' ethical lapses, respondent reviewed with his staff the financial disclosure forms that he had previously filed. Respondent determined that during the seven years from 1998 through 2004, he had not disclosed many of the golf outings in which he had participated at no cost.

{¶ 6} On June 14, 2005, respondent reported to the Ohio Ethics Commission that his financial disclosure filings were deficient, and the commission investigated the extent of his conceded failure to comply with R.C. 102.02. According to the parties' consent-to-discipline agreement, respondent failed to disclose the names of 19 benefactors who gave him gifts having a combined value of $5,682.26. These gifts, 52 in all, consisted of the benefactors'

paying for respondent to play in 45 golf outings, attend six other events, and receive several items from a golf pro shop.[1]

{¶ 7}   On August 17, 2005, respondent was charged with four counts of having violated R.C. 102.02(D), which prohibits any person from knowingly filing a false disclosure statement, a misdemeanor of the first degree.   R.C. 102.99(B).   The next day, respondent pleaded no contest to the charges and was found guilty.   He was fined $4,000, which he has paid, and ordered to e-mail an apology to all state of Ohio employees and media outlets, which he has done. Respondent has also repaid the sources of the formerly undisclosed gifts.

{¶ 8}   The parties stipulated and the board found that respondent's nondisclosures constituted violations of DR 1-102(A)(6).

Sanction

{¶ 9}   In recommending a sanction for respondent's misconduct, the board weighed the mitigating and aggravating factors of his case.   See BCGD Proc.Reg. 10(B)(1) and (2).

{¶ 10} The parties also stipulated to the extant mitigating factors, which favor a less extreme sanction, and to the absence of any aggravating factors.   The board found that respondent had no prior disciplinary record, BCGD Proc.Reg. 10(B)(2)(a), and had a long and previously unblemished career in public office. Respondent had also completely cooperated in the disciplinary proceedings and made timely restitution in good faith to rectify the consequences of his misconduct.   BCGD Proc.Reg. 10(B)(2)(c) and (d).   Moreover, respondent has already been penalized as part of the criminal justice system.   BCGD Proc.Reg. 10(B)(2)(f).

{¶ 11} The board was also convinced that respondent's nondisclosures were not the result of any dishonesty or selfishness, BCGD Proc.Reg.

---

[1]  Discrepancies exist between the consent-to-discipline agreement and the commission's investigation report as to how this total breaks down, but the differences are not significant.

10(B)(2)(b), despite his plea of no contest to the charge of knowingly filing a false financial disclosure statement. According to an ethics commission investigative report, no evidence suggested that respondent was given gifts as compensation for any act or omission. Moreover, although respondent had failed to identify many of those people who had given him gifts, he had also disclosed many sources, sometimes disclosing a source in one year that he wrongly omitted in another year. The board thus attributed respondent's nondisclosures to oversight, rather than to a conscious effort to conceal certain relationships. Indeed, respondent conceded this ethical lapse and acknowledged in his public apology his personal failure to maintain the standards of integrity to which all public officials must adhere.

{¶ 12} The board also found, however, that respondent's carelessness distinguished his case from others in which lawyers violated obligations to disclose and received actual or stayed suspensions from practice. Those sanctions resulted in part because the lawyers had deliberately withheld that which by law they were required to reveal. See, e.g., *Disciplinary Counsel v. Wrenn,* 99 Ohio St.3d 222, 2003-Ohio-3288, 790 N.E.2d 1195 (six-month stayed suspension imposed for assistant county prosecutor's concealment of exculpatory evidence in a criminal case), and *Disciplinary Counsel v. Jones* (1993), 66 Ohio St.3d 369, 613 N.E.2d 178 (six-month actual suspension imposed for assistant county prosecutor's failure to advise court in criminal prosecution that he had found previously misplaced evidence that was potentially exculpatory or mitigating). The sanctions imposed in these cases were not more onerous because of the lawyers' good character and reputation apart from the misconduct, their acknowledgments of wrongdoing, and their cooperation in the disciplinary proceedings.

{¶ 13} For his inattention to disclosure requirements, but also taking into account the mitigation evidence militating against a stayed or actual suspension,

the parties jointly recommended that respondent be publicly reprimanded. The board accepted this proposal and recommended a public reprimand. Adopting the panel's report, the board concluded:

{¶ 14} "There must be no misunderstanding that the legal profession demands adherence to the highest standards of honesty and integrity; and lawyers who hold public office must be especially scrupulous in this regard. On the other hand, any sanction is an indelible stain on a lawyer's professional record. Balancing these considerations, the Panel finds that Respondent's misconduct is less egregious than that [in cases similar to] *Wrenn,* such that, given the mitigating factors set forth above, a lesser sanction is warranted."

Review

{¶ 15} When deciding the appropriate sanction to impose in a case of professional misconduct, "we consider the duties violated, respondent's mental state, the injury caused, the existence of aggravating or mitigating circumstances, and applicable precedent." *Disciplinary Counsel v. Evans* (2000), 89 Ohio St.3d 497, 501, 733 N.E.2d 609; *Disciplinary Counsel v. Runyan*, 108 Ohio St.3d 43, 2006-Ohio-80, 840 N.E.2d 623. The board made determinations concerning all these factors. We accept the factors found by the board and therefore agree that a public reprimand is appropriate.

{¶ 16} Respondent is therefore publicly reprimanded for his violation of DR 1-102(A)(6). Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

LUNDBERG STRATTON, J., not participating.

_____

Jonathan E. Coughlan, Disciplinary Counsel, for relator.

Kegler, Brown, Hill & Ritter Co., L.P.A., Geoffrey Stern, and Christopher J. Weber, for respondent.

_____