DISCIPLINARY COUNSEL *v.* SCHMIDT.

[Cite as *Disciplinary Counsel v. Schmidt,* 134 Ohio St.3d 557,

2012-Ohio-5712.]

*Attorneys—Misconduct—Conduct adversely reflecting on fitness to practice law—12-month suspension, all stayed.*

(No. 2012-1013—Submitted August 22, 2012—Decided December 6, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-025.

_____

**Per Curiam.**

{¶ 1} Respondent, James Walter Schmidt of Greene County, Ohio, Attorney Registration No. 0001882, was admitted to the practice of law in Ohio on November 3, 1973. He has spent his entire career practicing law in Greene County, and from 1983 to 2010, he served as Greene County Treasurer.

{¶ 2} While serving as Greene County Treasurer, Schmidt also practiced law part-time. As a result of conduct related to his private law practice, Schmidt pled guilty to four misdemeanor counts. The Greene County Common Pleas Court sentenced Schmidt to three years' probation and community service and imposed fines and restitution. Schmidt was also required to resign as Greene County Treasurer. Schmidt served his sentence and paid all fines and restitution. He then self-reported his misconduct to disciplinary counsel.

{¶ 3} On April 1, 2011, relator, disciplinary counsel, filed a complaint with the Board of Commissioners on Grievances and Discipline, and the parties submitted a consent-to-discipline agreement. The board rejected the recommendation of the majority of the panel to adopt the agreement and remanded the matter to the panel for further proceedings. The parties submitted

stipulated facts and rule violations and a stipulated agreed sanction of a 12-month suspension with all 12 months stayed. Following a hearing, the panel recommended that Schmidt be suspended from the practice of law for one year and that the entire suspension be stayed. The board adopted the panel's findings and recommended sanction. We agree and suspend Schmidt from the practice of law in Ohio for 12 months, but stay the entire suspension on condition.

**Misconduct**

*Unlawful interest in a public contract for probate guardianship*

{¶ 4} While he was county treasurer, Schmidt often served as guardian for indigent and mentally ill individuals in need of legal representation. For these services, he received a nominal fee from the probate court's indigent-guardian account, usually calculated at $25 an hour. Schmidt performed this work for 20 years before the Ohio Ethics Commission determined that it was a violation of R.C. 2921.42(A) (having an unlawful interest in a public contract), a first-degree misdemeanor.

*Receiving improper compensation for title reports*

{¶ 5} Also during the time he was county treasurer, Schmidt performed title-abstract work for law firms outside Greene County. These firms occasionally used the title work to file foreclosure or land-sale proceedings against real property in Greene County. As Greene County treasurer, Schmidt was named as a defendant in these actions because the unpaid real-property taxes acted as a lien on the real property involved. Consequently, Schmidt was performing legal services for law firms suing his public office.

{¶ 6} In addition, Schmidt would always specify in his title reports the amount of taxes assessed against the property. The county treasurer's office is required to maintain tax records on all real property located in the county and make those records freely available for public inspection. Because Schmidt was being paid for title work that included the tax information, he was in part being

2

paid for work he was required to do as Greene County Treasurer. The Ohio Ethics Commission determined that this conduct was a violation of the law and charged Schmidt with a violation of R.C. 2921.43(A)(1) (soliciting or receiving improper compensation), a first-degree misdemeanor.

*Misuse of county equipment and employee time*

{¶ 7} Schmidt's private law practice did not require the services of a full-time secretary, and starting in the mid-1990s, he began paying an employee of the treasurer's office to do miscellaneous typing, such as short letters, title reports, and eviction complaints. At first, the employee did the work during her lunch hour or at home. As time went on, however, the employee gradually began doing more of Schmidt's legal work during hours she was being paid by the county.

{¶ 8} Schmidt also had three tenants come to the treasurer's office once a month to pay rent. If Schmidt was not in the office, two county employees would accept the rent money on Schmidt's behalf and write receipts to the tenants while on county time. The Ohio Ethics Commission concluded that this was a violation of R.C. 102.03(D) (conflict of interest), a first-degree misdemeanor.

{¶ 9} Lastly, the Ohio Ethics Commission discovered during its investigation that Schmidt was using the treasurer's office fax machine to send documents relating to his private practice. This conduct was found to be a violation of R.C. 2913.04 (unauthorized use of property).

*Criminal plea and sentencing*

{¶ 10} On December 14, 2010, Schmidt pled guilty in the Greene County Court of Common Pleas to violations of R.C. 2921.42(A), 2921.43(A)(1), 102.03(D), and 2913.04. He was fined $3,250 and assessed court costs of $700. He was sentenced to three years' probation and ordered to perform 200 hours of community service. Schmidt was also ordered to make restitution of $12,500 to Greene County, reimburse the Ohio Ethics Commission in the amount of $12,500

for the costs of the investigation, and return $10,000 to the probate court of Greene County. Finally, Schmidt was required to resign as Greene County Treasurer. He complied with all of the terms of his sentence, and his probation was terminated early.

*Violations of Rules of Professional Conduct*

**{¶ 11}** Relator charged Schmidt with violations of DR 1-102(A)(6) and Prof.Cond.R. 8.4(h) (conduct adversely reflecting on an attorney's fitness to practice law). The panel found, and the board agreed, that relator proved by clear and convincing evidence that Schmidt violated DR 1-102(A)(6) and Prof.Cond.R. 8.4(h).[1]

**Sanction**

**{¶ 12}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

**{¶ 13}** The parties did not stipulate to any aggravating factors, but the panel found, and the board agreed, that Schmidt's conduct involved multiple offenses. *See* BCGD Proc.Reg.10(B)(1)(d). The parties stipulated to several mitigating factors, including that Schmidt had no prior disciplinary offenses, that he made timely restitution, that he cooperated fully with both the Ohio Ethics Commission and disciplinary counsel, that he is considered of good character and

---

1. Relator charged respondent with misconduct under applicable rules for acts occurring before and after February 1, 2007, the effective date of the Rules of Professional Conduct, which supersede the Code of Professional Responsibility. When both the former and current rules are cited for the same act, the allegation constitutes a single ethical violation. *Disciplinary Counsel v. Freeman*, 119 Ohio St.3d 330, 2008-Ohio-3836, 894 N.E.2d 31, ¶ 1, fn. 1.

reputation in his community, and that other penalties and sanctions have already been imposed. *See* BCGD Proc.Reg. 10(B)(2)(a), (c), (d), (e), and (f).

{¶ 14} Within six months of being sentenced, Schmidt made full restitution and paid all fines and court costs, totaling $38,950. He also completed his community service in this time period.

{¶ 15} Schmidt also has considerable character evidence. He is a decorated Vietnam veteran. He served as president of the Greene County Bar Association and held a number of other positions in organizations within the county. Schmidt submitted 24 character letters, one of which is from a United States district court judge, two from common pleas court judges, and one from a former United States Attorney. All of the letters attest to Schmidt's being a well-respected attorney and a valuable asset to the Greene County legal community.

{¶ 16} The board recommended that Schmidt be suspended from the practice of law for one year and that the entire suspension be stayed. This sanction is comparable to other decisions where the conduct underlying the sanction constituted a criminal ethics violation. *See Disciplinary Counsel v. Carroll*, 106 Ohio St.3d 84, 2005-Ohio-3805, 831 N.E.2d 1000 (six-month stayed suspension for making misrepresentations on timesheets while serving as executive director of the Ohio State Barber Board); *Disciplinary Counsel v. Forbes*, 122 Ohio St.3d 171, 2009-Ohio-2623, 909 N.E.2d 629 (six-month stayed suspension for filing false financial-disclosure statements and receiving improper gifts while serving as a member of the board of the Bureau of Workers' Compensation Oversight Commission); and *Disciplinary Counsel v. Taft*, 112 Ohio St.3d 155, 2006-Ohio-6525, 858 N.E.2d 414 (public reprimand for filing false public financial-disclosure statements). *Compare Disciplinary Counsel v. Engel,* 132 Ohio St.3d 105, 2012-Ohio-2168, 969 N.E.2d 1178 (six-month actual suspension for intercepting confidential communications and disseminating communications to unauthorized persons); *Disciplinary Counsel v. Dann,* 134

Ohio St.3d 68, 2012-Ohio-5337, 979 N.E.2d 1263 (six-month actual suspension for soliciting improper compensation and filing false financial-disclosure statements while serving as the Ohio Attorney General).

{¶ 17} We agree with the board and find that the recommended sanction is appropriate. We conclude that it is unlikely that Schmidt will repeat the ethical mistakes he committed. But he compromised his duties to the public and the legal profession, and thus, a 12-month suspension from the practice of law, with the suspension stayed on the condition of no further misconduct, is appropriate.

{¶ 18} We therefore suspend Schmidt from the practice of law in Ohio for 12 months; however, the suspension is stayed on the condition that Schmidt commit no further misconduct. If Schmidt fails to comply with this condition, the stay will be lifted, and Schmidt will serve the entire 12-month suspension. Costs are taxed to Schmidt.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Joseph M. Caligiuri, Senior Assistant Disciplinary Counsel, for relator.

Kegler, Brown, Hill & Ritter, S. Michael Miller, and Rasheeda Z. Kahn, for respondent.

_____