DISCIPLINARY COUNSEL *v.* GWINN.

[Cite as *Disciplinary Counsel v. Gwinn*, 138 Ohio St.3d 167, 2014-Ohio-101.]

*Attorney misconduct—Conduct adversely reflecting on fitness to practice law—*
*Violation of financial-disclosure laws—Public reprimand.*

(No. 2013-1247—Submitted September 11, 2013—Decided January 23, 2014.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and
Discipline of the Supreme Court, No. 13-025.

_____

**Per Curiam**.

**{¶ 1}** Respondent, Susan Louise Gwinn of Athens, Ohio, Attorney Registration No. 0020836, was admitted to the practice of law in Ohio in 1979. On April 19, 2013, relator, disciplinary counsel, charged Gwinn with professional misconduct after Gwinn was convicted of violating Ohio election laws by failing to disclose that certain contributions to her unsuccessful campaign for Athens County prosecuting attorney were made from loans that she had received from her brother and a friend.

**{¶ 2}** A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement. *See* BCGD Proc.Reg. 11.

**{¶ 3}** In the consent-to-discipline agreement, Gwinn stipulates to the facts alleged in relator's complaint and agrees that her conduct violated Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

**{¶ 4}** The parties stipulate that mitigating factors include the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, a timely good-faith effort to rectify the consequences of her misconduct by paying her

friend back in full and signing a promissory note to her brother, a cooperative attitude in both the criminal matter and the disciplinary investigation, evidence of good character and reputation, and the imposition of other penalties and sanctions as a result of her criminal conviction. *See* BCGD Proc.Reg. 10(B)(2)(a), (b), (c), (d), (e), and (f). The parties agree that there are no aggravating factors. Based upon these factors, the parties stipulate that a public reprimand is the appropriate sanction for Gwinn's misconduct.

{¶ 5} The panel and board found that the consent-to-discipline agreement conforms to BCGD Proc.Reg. 11 and recommend that we adopt the agreement in its entirety. In support of its recommendation, the panel refers to *Disciplinary Counsel v. Taft,* 112 Ohio St.3d 155, 2006-Ohio-6525, 858 N.E.2d 414 (a public reprimand was the appropriate sanction for an attorney who violated financial-reporting requirements). We agree that Gwinn violated Prof.Cond.R. 8.4(h) and, as stated in the parties' agreement and as indicated by the cited precedent, that this conduct warrants a public reprimand. Therefore, we adopt the parties' consent-to-discipline agreement.

{¶ 6} Accordingly, Gwinn is publicly reprimanded. Costs are taxed to Gwinn.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Joseph M. Caligiuri, Chief Assistant Disciplinary Counsel, for relator.

Frederick Oremus, for respondent.

_____