DISCIPLINARY COUNSEL *v.* GRUBB.

[Cite as *Disciplinary Counsel v. Grubb,* 142
Ohio St.3d 521, 2015-Ohio-1349.]

(No. 2014–1391—Submitted January 14, 2015—Decided April 8, 2015.)

**Per Curiam.**

{¶ 1} Respondent, Natalie Ference Grubb of Medina, Ohio, Attorney Registration No. 0062596, was admitted to the practice of law in Ohio in 1993. In December 2013, relator, disciplinary counsel, charged her with professional misconduct after she was convicted of complicity to commit workers' compensation fraud, a first-degree misdemeanor. Grubb initially denied that her conduct was willful or in violation of the Rules of Professional Conduct. However, the parties later entered into stipulations of fact and misconduct, and Grubb agreed that she had violated Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness) and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice). In addition, relator agreed to dismiss the charged violations of Prof.Cond.R. 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). As a sanction, the parties recommended that Grubb serve a six-month suspension, with the entire suspension stayed on the condition that she commit no further misconduct.

{¶ 2} A three-member panel of the Board of Commissioners on Grievances and Discipline[1] held a hearing, and based on the stipulations, documentary evidence, and witness testimony, the panel, and later the board, accepted the parties' stipulations, including the recommended dismissal of the charges under Prof. Cond.R. 8.4(c) and 8.4(h). The panel and board also agreed with the recommended sanction. Upon our review of the record, we adopt the board's findings of fact, conclusions of law, and recommended sanction.

---

1. Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

## Misconduct

{¶ 3} Grubb represented Tracie Lytle in workers' compensation matters from 2004 through 2010. Between February and July 2007, Lytle collected temporary-total-disability benefits, as one of her doctors determined that she was unable to work. During that six-month period, however, Grubb also provided funds to Lytle. For example, Grubb reimbursed Lytle for mileage to attend court hearings and doctor's appointments and to take Grubb's mother out to lunch. Additionally, Grubb assisted Lytle in refunding overpayments from the Bureau of Workers' Compensation. Grubb testified that during this time, Lytle did not have enough money to attend hearings or even to pay for food.

{¶ 4} At some point thereafter, the bureau received an allegation that Grubb was improperly employing Lytle while she was collecting temporary-total-disability benefits, and the bureau commenced an investigation. Prior to being charged with any crime, Grubb entered into a plea agreement with the Ohio Attorney General's office, in which she agreed to plead guilty to complicity to commit workers' compensation fraud, a first-degree misdemeanor. She also paid the bureau $7,709.92 in restitution, which represented the amount of benefits that Lytle had collected during the six-month period at issue, and an additional $6,731.55 for the bureau's investigation costs. On January 28, 2013, Grubb was charged with the misdemeanor count in the Franklin County Municipal Court. She pled guilty and was convicted on that same day. The court imposed a $500 fine.

{¶ 5} At her disciplinary hearing, Grubb acknowledged that she had violated Ohio workers' compensation law by providing funds to Lytle while she was receiving temporary-total-disability benefits. Grubb further admitted that she failed to monitor the time periods in which Lytle was receiving these benefits. Based on this conduct, the parties stipulated and the board found that Grubb violated Prof.Cond.R. 8.4(b) and 8.4(d). We agree with these findings of misconduct.

## Sanction

{¶ 6} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli,* 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B).[2] *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

---

2. Effective January 1, 2015, the aggravating and mitigating factors previously set forth in BCGD Proc.Reg. 10(B)(1) and (2) are codified in Gov.Bar R. V(13), 140 Ohio St.3d CXXIV.

{¶ 7} The board found several mitigating factors, including an absence of prior discipline, cooperation in the disciplinary process, payment of restitution, and evidence of good character and reputation. *See* BCGD Proc.Reg. 10(B)(2)(a), (c), (d), and (e). We agree that these factors are present here, and we also note that Grubb has been subject to criminal prosecution and paid a fine. *See* BCGD Proc.Reg. 10(B)(2)(f) ("imposition of other penalties or sanctions" is a mitigating factor). With regard to aggravating factors, the board concluded, and we agree, that none of the factors listed in BCGD Proc.Reg. 10(B)(1) are applicable.

{¶ 8} In recommending a stayed six-month suspension, the board cited *Disciplinary Counsel v. Grigsby*, 128 Ohio St.3d 413, 2011-Ohio-1446, 945 N.E.2d 512, as relevant precedent. In *Grigsby*, we found that an attorney violated Prof. Cond.R. 8.4.(b), 8.4(c), and 8.4(h) after being convicted of a misdemeanor for misusing her employer's credit card. In mitigation, the attorney had no disciplinary record, promptly paid restitution, and fully cooperated in the disciplinary process. *Id.* at ¶ 7. In addition, two aggravating factors were present: the attorney had acted with a dishonest or selfish motive and had engaged in a pattern of misconduct spanning more than two and one-half years. *Id.* We concluded that an 18–month suspension, all stayed on conditions, was the appropriate sanction. *Id.* at ¶ 10–11.

{¶ 9} Similar to the attorney in *Grigsby*, Grubb was convicted of a misdemeanor reflecting adversely on her trustworthiness, and in mitigation, she also has no prior discipline, made timely restitution, and cooperated in the disciplinary process. Thus, consistent with *Grigsby*, a fully stayed suspension is appropriate here. But unlike *Grigsby*, Grubb has not been found in violation of Prof.Cond.R. 8.4(c), the rule prohibiting fraudulent or deceitful behavior, and no aggravating factors exist in the present matter. Accordingly, a lesser sanction than in *Grigsby* is warranted. *Compare Disciplinary Counsel v. Carroll*, 106 Ohio St.3d 84, 2005-Ohio-3805, 831 N.E.2d 1000, ¶ 12, 14–15 (stayed six-month suspension for attorney convicted of a misdemeanor for making misrepresentations on his timesheets when "significant" mitigating factors were present, with no aggravating factors); *Columbus Bar Assn. v. Stubbs*, 109 Ohio St.3d 446, 2006-Ohio-2818, 848 N.E.2d 843 (six-month suspension, stayed on conditions, for attorney convicted of a misdemeanor falsification charge when several mitigating factors were present with only one aggravating factor).

## Conclusion

{¶ 10} Having considered Grubb's misconduct, the mitigating factors, and the sanctions imposed in comparable cases, we adopt the board's recommended sanction. Accordingly, Natalie Ference Grubb is hereby suspended from the practice of law in Ohio for six months, with the entire suspension stayed on the condition that she commit no further misconduct. If Grubb fails to comply with

this condition, the stay will be lifted and she will serve the entire six-month suspension. Costs are taxed to Grubb.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Scott J. Drexel, Disciplinary Counsel, and Donald M. Scheetz, Assistant Disciplinary Counsel, for relator.

Richard C. Alkire Co., L.P.A., and Richard C. Alkire, for respondent.