DISCIPLINARY COUNSEL *v.* COSTABILE.

[Cite as *Disciplinary Counsel v. Costabile,*
143 Ohio St.3d 331, 2015-Ohio-2082.]

(No. 2014–1743—Submitted January 14, 2015—Decided June 4, 2015.)

**Per Curiam.**

{¶ 1} Respondent, Gregory Steven Costabile of Cleveland, Ohio, Attorney Registration No. 0061513, was admitted to the practice of law in Ohio in 1993. On April 7, 2014, relator, disciplinary counsel, charged Costabile with professional misconduct after Costabile, the former mayor and safety director of Mayfield Heights, Ohio, was convicted of violating Ohio public-official financial-disclosure laws by failing to include on a 2005 financial-disclosure statement $100,000 that he received as income from Hidden Woods, L.L.C., and by failing to include on a 2010 financial-disclosure statement the amount of income he received from Seagull Development Corporation.

{¶ 2} A panel of the Board of Commissioners on Grievances and Discipline [1] considered the cause on the parties' consent-to-discipline agreement. *See* BCGD Proc.Reg. 11.[2]

---

1. Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

2. Effective January 1, 2015, Gov.Bar R. V(16), 140 Ohio St.3d CXXX, governs consent-to-discipline agreements.

{¶ 3} In the consent-to-discipline agreement, Costabile stipulates to the facts alleged in relator's complaint and agrees that his conduct violated Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

{¶ 4} The parties stipulate that the mitigating factors include the absence of a prior disciplinary record, Costabile's cooperative attitude toward the disciplinary proceedings, evidence of his good character and reputation, and the imposition of other penalties and sanctions as a result of his criminal conviction. *See* BCGD Proc.Reg. 10(B)(2)(a), (d), (e), and (f).[3] The parties agree that there are no aggravating factors. Based upon Costabile's stipulated misconduct and these factors, the parties stipulate that the appropriate sanction is a public reprimand.

{¶ 5} The panel and board found that the consent-to-discipline agreement conforms to BCGD Proc.Reg. 11 and recommend that we adopt the agreement in its entirety. In support of its recommendation, the panel refers to *Disciplinary Counsel v. Taft*, 112 Ohio St.3d 155, 2006-Ohio-6525, 858 N.E.2d 414 (a public reprimand was the appropriate sanction for an attorney who violated public-official financial-reporting requirements), and *Disciplinary Counsel v. Gwinn*, 138 Ohio St.3d 167, 2014-Ohio-101, 4 N.E.3d 1039 (a public reprimand was the appropriate sanction for an attorney who violated election-law disclosure requirements).

{¶ 6} We agree that Costabile violated Prof.Cond.R. 8.4(h) and that this conduct warrants a public reprimand. Therefore, we adopt the parties' consent-to-discipline agreement.

{¶ 7} Accordingly, Gregory Steven Costabile is hereby publicly reprimanded. Costs are taxed to Costabile.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

---

Scott J. Drexel, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

Richard C. Alkire Co., L.P.A., and Richard C. Alkire, for respondent.

---

3. Effective January 1, 2015, the aggravating and mitigating factors previously set forth in BCGD Proc.Reg. 10(B) are codified in Gov.Bar R. V(13), 140 Ohio St.3d CXXIV.