NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-3052

CINCINNATI BAR ASSOCIATION *v.* GLASER.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cincinnati Bar Assn. v. Glaser,* Slip Opinion No. 2016-Ohio-3052.]**

*Attorneys—Misconduct—Committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness—Attorney convicted of attempting to permit drug use, a misdemeanor—Six-month suspension, stayed on conditions.*

(No. 2015-2008—Submitted January 27, 2016—Decided May 19, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2014-101.

_____

**Per Curiam.**

{¶ 1} Respondent, Angela Joy Glaser of Cincinnati, Ohio, Attorney Registration No. 0091318, was admitted to the practice of law in 2013. In December 2014, relator, Cincinnati Bar Association, charged her with violating

Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness) after she was convicted of attempting to permit drug abuse in her home, a first-degree misdemeanor. Based on the parties' factual stipulations and other evidence presented at a hearing before a three-member panel of the Board of Professional Conduct, the board found that she engaged in the charged misconduct and recommended that we sanction her with a six-month suspension, stayed on conditions. Neither party has filed objections to the board's report and recommendation.

{¶ 2} Based on our review of the record, we adopt the board's findings of misconduct and agree that its recommended sanction is appropriate in this case.

**Misconduct**

{¶ 3} In 2011, while in law school, Glaser leased a house in Cincinnati. Her minor daughter and then long-time boyfriend, Jackie Sanders, lived in the home with her, although Sanders's name was not on the lease. Glaser claims that while she was in school, her relationship with Sanders began deteriorating: he was not permanently employed, he was drinking heavily, and he could be abusive to her at times. In 2013, after graduating from law school, Glaser began working at the Hamilton County Public Defender's Office. She claims that at that point, she and Sanders were essentially living in separate areas of the house and that she planned on moving out.

{¶ 4} However, in January 2014, the police conducted a search of the home and found various illegal drugs, two digital scales, and a gun registered in Glaser's name that was stuffed with heroin. Sanders was later charged with and pled guilty to several felonies, including trafficking in and possession of heroin, trafficking in cocaine, and having a weapon while under a disability. He was sentenced to 24 months in prison. Glaser was charged with knowingly permitting drug abuse on

her premises, a fifth-degree felony, but she ultimately pled guilty to the lesser attempt charge. Following her plea, she was sentenced to pay a $100 fine.

{¶ 5} At her disciplinary hearing, Glaser acknowledged that she had had concerns about the number of people that Sanders was permitting to come into the basement area of her home and about whether those individuals were engaging in any criminal activity. But she further testified that she had not known that Sanders had cocaine or heroin in the home, that she had not placed the heroin in her gun, and that she had never seen the digital scales in her house. She also testified that she has no plans to continue her relationship with Sanders once he is released from prison.

{¶ 6} Based on the hearing evidence and Glaser's misdemeanor conviction, the board found that she had violated Prof.Cond.R. 8.4(b). During the hearing, relator added a charge under Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law), but the panel dismissed the new allegation. We agree with the board's finding of a Prof.Cond.R. 8.4(b) violation and with the decision to dismiss the new charge.

## Sanction

{¶ 7} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

### *Aggravating and mitigating factors*

{¶ 8} The board found no aggravating factors in this case. In mitigation, the board recognized that Glaser has no prior discipline, she had a cooperative attitude toward the disciplinary process, she self-reported her conduct to disciplinary authorities, she cooperated in Sanders's prosecution, and she submitted several character references. *See* Gov.Bar R. V(13)(C)(1), (4), and (5). We concur.

*Applicable precedent*

**{¶ 9}** In crafting its recommended sanction, the board primarily analyzed two similar cases in which we disciplined attorneys after they were convicted of first-degree misdemeanors. First, in *Disciplinary Counsel v. Grigsby*, 128 Ohio St.3d 413, 2011-Ohio-1446, 945 N.E.2d 512, we imposed a conditionally stayed 18-month suspension on an attorney who was convicted on a charge of misuse of a credit card arising from her unauthorized use of an employer's corporate credit card to cover her personal expenses. *Id*. at ¶ 3-4, 11. Second, in *Disciplinary Counsel v. Grubb*, 142 Ohio St.3d 521, 2015-Ohio-1349, 33 N.E.3d 40, we imposed a stayed six-month suspension on an attorney who was convicted on a charge of complicity to commit workers' compensation fraud for providing funds to a client while that client was also receiving temporary-total-disability benefits. *Id*. at ¶ 3-4, 10. Both cases involved similar mitigating factors, including no prior discipline and full cooperation in the disciplinary process. *Grigsby* at ¶ 7; *Grubb* at ¶ 7.

**{¶ 10}** We imposed a longer suspension in *Grigsby* than in *Grubb*, however, because the attorney in *Grigsby* had also violated Prof.Cond.R. 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). Consequently, we also found that the attorney's dishonesty in *Grigsby* was an aggravating factor. *See Grigsby* at ¶ 5, 7. In contrast, we found no dishonest conduct in *Grubb*, and indeed, there were no aggravating factors in that case. Accordingly, the circumstances in *Grubb* warranted the lesser six-month stayed suspension. *See Grubb* at ¶ 8-9.

**{¶ 11}** We agree with the board that *Grubb* is more analogous here. Glaser has not violated Prof.Cond.R. 8.4(c), there has been no finding of dishonest or deceitful conduct, and there are no aggravating factors in this case. Thus, consistent with *Grubb*, a six-month suspension, stayed on conditions, is appropriate. *See also Disciplinary Counsel v. Carroll*, 106 Ohio St.3d 84, 2005-Ohio-3805, 831 N.E.2d 1000, ¶ 6, 9-10, 12, 14-15 (stayed six-month suspension for attorney convicted of

a misdemeanor for making misrepresentations on his timesheets when significant mitigating factors and no aggravating factors were present).

## Conclusion

**{¶ 12}** Having considered Glaser's misconduct, the mitigating factors, the absence of any aggravating factors, and the sanctions imposed in comparable cases, we adopt the board's recommended sanction. Accordingly, Angela Joy Glaser is hereby suspended from the practice of law for six months, with the entire suspension stayed on the conditions that she (1) submit to an assessment for domestic abuse by a professional affiliated with the Ohio Lawyers Assistance Program or by another qualified professional and comply with any recommendations made as a result of that assessment, (2) submit to monitoring by an attorney due to Glaser's new-lawyer status, (3) refrain from any further misconduct, and (4) pay the costs of these proceedings. If Glaser fails to comply with the conditions of the stay, the stay shall be lifted and she shall serve the full six-month suspension. Costs are taxed to Glaser.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Edwin W. Patterson III, General Counsel; and Nancy J. Gill, for relator.

William B. Strubbe, for respondent.

_____