**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Cincinnati Bar Assn. v. Riggs-Horton,* **Slip Opinion No. 2019-Ohio-4739.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-4739

CINCINNATI BAR ASSOCIATION *v.* RIGGS-HORTON.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cincinnati Bar Assn. v. Riggs-Horton,* Slip Opinion No. 2019-Ohio-4739.]**

*Attorneys—Misconduct—Violation of the Rules of Professional Conduct, namely, committing an illegal act that reflects adversely on a lawyer's honesty or trustworthiness—Conditionally stayed six-month suspension.*

(No. 2018-1757—Submitted August 6, 2019—Decided November 20, 2019.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2018-044.

_____

**Per Curiam.**

{¶ 1} Respondent, Virginia M. Riggs-Horton, of Bellevue, Kentucky, Attorney Registration No. 0085302, was admitted to the practice of law in Ohio in 2009. She is also admitted to the practice of law in Kentucky.

**{¶ 2}** In a September 4, 2018 complaint, relator, Cincinnati Bar Association, charged Riggs-Horton with professional misconduct arising from her misdemeanor conviction for promoting contraband at a detention center. The parties submitted stipulations of facts and misconduct and agree that a fully stayed six-month suspension is the appropriate sanction in this case.

**{¶ 3}** The Board of Professional Conduct found that Riggs-Horton committed an illegal act that adversely reflected on her honesty or trustworthiness, recommended that a second alleged rule violation be dismissed, and agreed that a six-month suspension stayed in its entirety is the appropriate sanction for Riggs-Horton's misconduct. We adopt the board's findings of misconduct and recommended sanction.

**Misconduct**

**{¶ 4}** In 2017, Riggs-Horton was in a romantic relationship with Gary Chandler. Chandler had been in and out of prison during the course of their relationship.

**{¶ 5}** That August, Chandler was incarcerated in the Campbell County, Kentucky jail for a parole violation. Riggs-Horton talked to Chandler on the phone daily, had personal visits with him at the jail twice a week, and visited him in her professional capacity as needed. During Chandler's incarceration, he was moved to the restricted-custody section of the jail.

**{¶ 6}** Riggs-Horton had never been to the restricted-custody section before she made her first professional visit to Chandler there on August 19, 2017. At the time of her visit, she was not aware of the facility's rules—one of which specified that money could be given to a prisoner only through a guard. During that visit, Chandler asked Riggs-Horton whether she could give him some cash to purchase items from the facility's vending machines and stated that he was allowed to have up to $100 in $1 and $5 bills. Riggs-Horton replied that she had only two $5 bills and a $1 bill, and Chandler instructed her to hand him the money under the table.

He explained that he would not receive the money for several days if it went through the proper channels. Video surveillance showed Riggs-Horton passing something to Chandler under the table.

{¶ 7} After the meeting, guards searched Chandler for contraband and discovered smokeless tobacco but did not find the cash that Riggs-Horton had given him. Riggs-Horton was detained upon her return to the jail a few days later and was later charged with a violation of Ky.Rev.Stat.Ann. 520.060(1)(a), which provides, "A person is guilty of promoting contraband in the second degree when he knowingly introduces contraband into a detention facility or a penitentiary."

{¶ 8} Riggs-Horton denied passing Chandler smokeless tobacco but admitted that she had passed him contraband in the form of $11. Through counsel, Riggs-Horton proposed that she be permitted to enter into a diversion program on conditions, including that she perform community service, offer a free divorce clinic to inmates at the jail, voluntarily suspend her criminal practice for three months, and make certain donations of cash and law books in lieu of pleading guilty to the charged offense. The warden, however, insisted that she be prosecuted.

{¶ 9} Riggs-Horton pleaded guilty to the charged offense and was sentenced to 180 days in jail, which was discharged for two years on conditions, including that she commit no other offenses, have no further contact with the Campbell County jail, and pay costs and fees of $165. She self-reported her conviction to relator and to the Kentucky disciplinary authority. Kentucky has held her disciplinary case in abeyance pending the resolution of this proceeding.

{¶ 10} Riggs-Horton admitted that she committed the charged misconduct. The board agreed that she violated Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness) but recommended that we dismiss another alleged violation because the facts presented were insufficient to establish the misconduct by clear and convincing evidence. We adopt the board's finding that Riggs-Horton violated

Prof.Cond.R. 8.4(b) by passing contraband to Chandler while he was incarcerated in the Campbell County jail, and we dismiss the second violation alleged in relator's complaint.

**Sanction**

{¶ 11} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 12} Six mitigating factors are present: the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, Riggs-Horton's good-faith offer to make restitution as part of a diversion program, her full and free disclosure to the board and cooperative attitude toward the disciplinary proceedings, evidence of her good character and reputation in the community, and the imposition of criminal sanctions for her conduct. *See* Gov.Bar R. V(13)(C)(1) through (6). No aggravating factors are present. *See* Gov.Bar R. V(13)(B).

{¶ 13} The board recommends that Riggs-Horton be suspended from the practice of law for six months, all stayed on the condition that she engage in no further misconduct. We have imposed that sanction for comparable violations of Prof.Cond.R. 8.4(b) in at least two cases involving misdemeanor convictions and similar mitigating factors. For example, in *Cincinnati Bar Assn. v. Glaser*, 146 Ohio St.3d 102, 2016-Ohio-3052, 52 N.E.3d 1186, the attorney had been convicted of attempting to permit drug abuse on her premises. Mitigating factors included no prior discipline, a cooperative attitude toward the disciplinary process, self-reporting of misconduct, and several character references. And in *Disciplinary Counsel v. Grubb*, 142 Ohio St.3d 521, 2015-Ohio-1349, 33 N.E.3d 40, the attorney had been convicted of complicity to commit worker's compensation fraud for providing funds to a client while that client was receiving temporary-total-disability benefits. Mitigating factors in that case included no prior discipline, cooperation

in the disciplinary process, payment of restitution, and evidence of the attorney's good character and reputation.

{¶ 14} After a review of the record, we agree that a stayed six-month suspension is the appropriate sanction for Riggs-Horton's violation of Prof.Cond.R. 8.4(b).

{¶ 15} Accordingly, Virginia M. Riggs-Horton is suspended from the practice of law in Ohio for six months, all stayed on the condition that she engage in no further misconduct.  If she fails to comply with the condition of the stay, the stay will be lifted and she will serve the full six-month suspension.  Costs are taxed to Riggs-Horton.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Beckman Weil Shepardson, L.L.C., and Kristen M. Myers; Jennifer K. Nordstrom; and Edwin W. Patterson III, Bar Counsel, for relator.

Virginia M. Riggs-Horton, pro se.

_____